

John W. Shaw  
I.M. Pei Building  
1105 North Market Street, 12th Floor  
Wilmington, DE 19801  
(302) 298-0700  
(302) 298-0701 – Direct  
jshaw@shawkeller.com

May 16, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    *Cabot Microelectronics Corp. v. Dupont De Nemours, Inc.*, CA No. 20-738-MN

Dear Judge Noreika:

    I write[1] on behalf of plaintiff CMC Materials, Inc. ("CMC")[2] with reference to the Court's July 6, 2020, stay order (D.I. 14).

    Under the terms of the order, and pursuant to 28 U.S.C. § 1659, the stay will terminate on May 18, 2022, thirty (30) days after the determination of the International Trade Commission in Inv. No. 337-TA-1204 became final. D.I. 14, ¶1. In the Investigation, after a full evidentiary hearing, the International Trade Commission issued its determination on December 16, 2021, finding in favor of plaintiff CMC regarding its U.S. Patent No. 9,499,721, the same asserted patent in this matter, and issued an exclusion order and cease and desist orders related to defendants' Optiplane products, the same products accused here. Defendants did not appeal, making the Commission's determination final on April 20, 2022.

    CMC respectfully requests the Court to enter an order setting the Rule 16 Scheduling Conference for the earliest available date after May 18, when the stay is lifted, that is convenient to the Court. Defendants have declined to participate in a Rule 26(f) discovery planning conference pursuant to their obligation under the Federal Rules[3] until the Court "confirm[s]" the

---

[1]    Defendants declined to join this letter. Ex. A at 2, 3.

[2]    Plaintiff CMC Materials, Inc. was formerly known as Cabot Microelectronics Corporation. After the stay lifts, CMC will file appropriate papers to update the caption.

[3]    Notes of the Advisory Committee on Rules—1980 Amendment to Rule 37 ("New Rule 26(f) imposes a duty on parties to participate in good faith in the framing of a discovery plan by agreement upon the request of any party."); Notes of Advisory Committee on Rules—1993 Amendment ("*The meeting of counsel is to take place as soon as practicable* and in any event at least 14 days before the date of the scheduling conference under Rule 16(b) or the date a scheduling order is due under Rule 16(b).") (emphasis added); *id.* ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case . . . ."); *Grape Tech. Group Inc. v. Jingle Networks, Inc.*, C.A. No. 08-408-GMS, D.I. 18 (D. Del.) (same) (Ex. B).

SHAW KELLER LLP
Page 2

stay has ended (notwithstanding the language of D.I. 14) and enters an order beginning the Rule 16 scheduling process, thus necessitating this letter.  *See* Ex. A at 1, 2.  Please let us know if you have any questions.

                                      Respectfully submitted,

                                      */s/ John W. Shaw*

                                      John W. Shaw (No. 3362)

cc:    Clerk of the Court by Hand Delivery
        All counsel of record by CM/ECF and Email