## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CABOT MICROELECTRONICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 20-738-MN |
| v. | ) ) | |
| DUPONT DE NEMOURS, INC., et al., | ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

## DUPONT'S MOTION FOR THE ISSUANCE OF
## A LETTER ROGATORY FOR INTERNATIONAL
## JUDICIAL ASSISTANCE REGARDING FUSO CHEMICAL CO., LTD.

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

Dated:  June 1, 2022
10162744 / 00195.04092
PUBLIC VERSION
Dated:  June 8, 2022

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Defendants DuPont de Nemours,*
*Inc., Rohm and Haas Electronics Materials*
*CMP Inc., Rohm and Haas Electronic*
*Materials CMP Asia Inc. (d/b/a Rohm and*
*Haas Electronic Materials CMP Asia Inc.,*
*Taiwan Branch (U.S.A.)), Rohm and Haas*
*Electronic Materials Asia Pacific Co. Ltd.,*
*Rohm and Haas Electronic Materials K.K.,*
*and Rohm and Haas Electronic Materials LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CABOT MICROELECTRONICS CORPORATION, | ) ) ) |
| Plaintiff, | ) )  C.A. No. 20-738-MN |
| v. | ) ) ) |
| DUPONT DE NEMOURS, INC., et al., | ) ) |
| Defendants. | ) |

**DUPONT'S MOTION FOR THE ISSUANCE OF**
**A LETTER ROGATORY FOR INTERNATIONAL**
**JUDICIAL ASSISTANCE REGARDING FUSO CHEMICAL CO., LTD.**

Pursuant to Federal Rule of Civil Procedure 28(b) and Local Rule 7.1.2, Defendants

DuPont de Nemours, Inc., Rohm and Haas Electronic Materials CMP, LLC,[1] Rohm and Haas

Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc.,

Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia-Pacific Co., Ltd., Rohm and

Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC (collectively,

"DuPont") respectfully move for the Court to issue, under its seal and signature, the attached Letter

Rogatory on behalf of DuPont to obtain documents and deposition testimony from the following

foreign third party:[2]

---

[1] Subsequent to the filing of the Complaint and effective October 1, 2020, Rohm and Haas Electronic Materials CMP Inc. was converted to Rohm and Haas Electronic Materials CMP, LLC.
[2] After providing Plaintiff a draft of the motion and exhibits on May 26, 2022, the parties met and conferred orally on May 27, 2022, regarding this motion.  As of the filing of this motion, Plaintiff had not yet notified Defendants whether it will oppose the motion.  Plaintiff has, however, indicated that it is investigating references to "███████" in the Letter Rogatory (Exhibit 1 & Exhibit 2 (translation)) for being alleged confidential information.  *See* Exhibit 1, Attachment A, at Request #5; Exhibit 1, Attachment B, at Topic #6. Defendants note that Fuso's export of "██████ █████" abrasives is non-confidential.  It is reported in public records, as reflected in Exhibit 5 ████████████████████████████████████████████████████████████████ and Exhibit 6 (ImportGenius.com search results), which at rows 22-25 similarly

Fuso Chemical Co., Ltd.
Nissei Fushimi-machi Bldg.
Shinkan, 3-10, Koraibashi 4-chome,
Chuo-ku, Osaka 541-0043
+81-6-6203-4771

The Letter Rogatory to Fuso Chemical Co., Ltd. ("Fuso") (attached as Exhibit 1), along with the required certified Japanese translation (attached as Exhibit 2) solicits the assistance of the Appropriate Judicial Authority of Japan to obtain certain documents and deposition testimony that are relevant to the present civil action. For the reasons stated below, a request for international judicial assistance is in the interests of justice. This information cannot be obtained through other means. DuPont respectfully requests that the Court issue the attached Letter Rogatory.

The requested Letter Rogatory complies with the guidelines set forth by the U.S. Department of State relevant to Letters Rogatory standards, including certified translations. *See* U.S. Department of State Preparation of Letters Rogatory, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. The Letter Rogatory includes Attachments A, B, and C. Attachment A describes the "Documents and Things to be Produced by Fuso Chemical Co., Ltd." Attachment B describes "Topics for the Deposition of Fuso Chemical Co., Ltd." Attachment C contains the Complaint in the above-captioned case. Exhibit 2 is a certified Japanese translation of Exhibit 1, including Attachments A to C.

The following additional documents are attached to this Memorandum:

Exhibit 3: Non-party PMP Fermentation Products, Inc.'s Responses and Objections to Subpoena *Duce Tecum* and *Ad Testificandum* from Investigation No. 337-TA-1204, dated

---

identifies ███████████████████████████████████████████████

████████████ Accordingly, Defendants have maintained "██████" as part of the

Letter Rogatory.

September 18, 2020 (copy of Exhibit 2 to D.I.. 1 from Case No. 20-MC-92-KBJ in the U.S. District

Court for the District of Columbia).

Exhibit 4:  Declaration of James H. Zinkhon, Jr. from Investigation No. 337-TA-1204,

dated September 15, 2020 (copy of Exhibit 3 to D.I. 1 from Case No. 20-MC-92-KBJ in the U.S.

District Court for the District of Columbia).

Exhibit 5: Panjiva search results for Japanese manufacturers and suppliers of abrasive

materials.

Exhibit 6: ImportGenius search results for "▮▮▮▮▮" between November 1, 2006 and June

1, 2022 (excerpt).

In support of this Motion, DuPont respectfully states as follows:

## I.      The United States District Court for the District of Delaware has the Authority to Issue the Letter Rogatory

DuPont's request for use of a Letter Rogatory is an appropriate method of obtaining

discovery from Fuso because Japan is not a signatory to the Hague Evidence Convention.  *See*

U.S.   Department   of   State,   Judicial   Assistance   Country   Information   for   Japan,

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-

Information/Japan.html.  As the State Department explains, "[r]equests to obtain evidence in Japan

in civil and commercial matters are governed by the U.S. – Japan bilateral Consular Convention

of 1963, customary international law and the practice of nations, applicable U.S. and local

Japanese law and regulations, and the Vienna Convention on Consular Relations (regarding

transmittal of letters rogatory.)" *See id.* Under Article 5(j) of the Vienna Convention on Consular

Relations, the use of a Letter Rogatory is an appropriate method of requesting evidence located in

a foreign state.  *See* Vienna Convention on Consular Relations Art. 5(j), Apr. 24, 1963, 596

3

U.N.T.S.            261,            268-69            (1967),            *available*            *at*
https://treaties.un.org/doc/Publication/UNTS/Volume%20596/volume-596-I-8638-English.pdf.

It is well established that the federal district courts have authority to issue a Letter
Rogatory, seeking assistance from a foreign state to obtain evidence in a U.S. proceeding. *See* 28
U.S.C. §§ 1651, 1781(b)(2) (allowing the state department "the transmittal of a letter rogatory or
request directly from a tribunal in the United States to the foreign or international tribunal, officer,
or agency to whom it is addressed and its return in the same manner"); Fed R. Civ. P. 28(b)
(incorporating letters rogatory as a proper method for taking depositions abroad).

DuPont's request that the U.S. District Court for the District of Delaware issue the attached
Letter Rogatory is, therefore, consistent with the applicable authority and precedent.

**II.     Fuso is in Possession of Relevant Documents and Information in Japan.**

DuPont believes that Fuso is in possession of substantial information highly relevant to the
claims and defenses at issue in the present litigation in the U.S. District Court for the District of
Delaware.  Fuso has documents in its possession, custody, and control concerning the subject
matter of the present litigation, specifically, U.S. Patent No. 9,449,721 (the "Asserted Patent")
(D.I. 23, at Exhibit A).  Fuso's information concerns colloidal silica abrasive particles relating to,
*inter alia*, the first sale or offer for sale, first public use, first disclosure, inventorship, relating to
at least the validity of the Asserted Patent.  DuPont also believes that Fuso is most knowledgeable
about these same issues and thus, can provide relevant deposition testimony as well as produce
relevant documents.

Each of the asserted claims of the Asserted Patent recites chemical mechanical
planarization slurries comprising colloidal silica abrasive particles and properties of these
particles.  Some examples of the Asserted Patent are based on Fuso colloidal silica particles. *See*
D.I. 23, Exhibit A at Examples 13 and 14.  As alleged by Plaintiff, Fuso has manufactured and

4

continues to manufacture colloidal silica abrasive particles used in

Plaintiff seeks an injunction barring the making, using, selling, and/or offering for sale within the United States and/or importing into the United States of Accused Products as well as monetary damages and any available equitable relief. D.I. 23 at ¶¶ 26-32 and "Prayer for Relief." The Accused Products are characterized generally as chemical mechanical planarization compositions formulated with colloidal silica abrasive particles, such as Fuso's colloidal silica particles (*id*. at ¶¶ 36-37, 40, D.I. 1 at ¶¶ 26-28), and infringement of at least claim 1 depends in-part on characteristics of the colloidal silica particles (D.I. 23 at ¶ 36). Plaintiff has a

,

concerning colloidal silica abrasive particles and Fuso's coordinated filing of its Japanese patent application, JP 2016-8157A, which was directed to a Method for Producing Colloidal Silica Containing Core-Shell Type Silica Particles. Yet, Plaintiff has represented that responsive information concerning Fuso's colloidal silica abrasive particles is not within its possession, custody, or control.

Based on Plaintiff's representations and the close relevance of Fuso's colloidal silica particles to the Asserted Patent's claims and Plaintiff's allegations of infringement, DuPont believes that obtaining documents and deposition testimony from Fuso is essential to DuPont's claims and defenses in this case.

## III.    The Letter Rogatory is Necessary to Obtain Relevant Documents and Information from Fuso that Are Unobtainable Without the Assistance of the Appropriate Judicial Authority of Japan, and Conform to the Required Procedural Safeguards

The attached Letter Rogatory should issue for several reasons. First, the information sought in the attached document requests and deposition topics are highly relevant to at least DuPont's invalidity positions with respect to the Asserted Patent in the present litigation. However, Fuso is in Japan and, thus, outside the Court's normal subpoena powers.

Second, DuPont's Letter Rogatory is narrowly tailored to elicit technical information, which is only available from Fuso.

Third, DuPont has already exhausted all other means available to it to obtain the information sought by the Letter Rogatory.  Because Plaintiff represented that information concerning the colloidal silica abrasive particles is not within its possession, custody, or control, DuPont subpoenaed the U.S. subsidiary of Fuso, PMP Fermentation Products, Inc. ("PMP") during the parallel investigation before the United States International Trade Commission ("ITC"). However, on September 18, 2020, counsel for PMP informed DuPont that it does not have this information.  *See* Exhibit 3 (Responses & Objections to Subpoena); *see also* Exhibit 4 (Declaration of PMP President, James H. Zinkhon).  As such, the only remaining avenue to obtain said documents and deposition testimony is through Fuso Chemical Co., Ltd. in Japan.[3]

Fourth, any documents and samples produced, and testimony provided pursuant to the Letter Rogatory will be subject to Local Rule 26.2 and any subsequent Protective Order, ensuring that Fuso's interests are adequately protected.

DuPont is prepared to fully comply with the procedural requirements to obtain the requested documents and deposition testimony from Fuso, which include the following steps:

- Obtain a Letter Rogatory with the signature of a U.S. District Judge and the seal of the District Court;

- Include in the Letter Rogatory: a statement that a request for international judicial assistance is being made in the interests of justice; a brief synopsis of the case, including

---

[3] DuPont previously attempted to obtain discovery from Fuso with a Letter Rogatory issued by the U.S. District Court for the District of Columbia for the parallel proceeding before the ITC. However, the Letter Rogatory was not processed though U.S. Department of State before the evidentiary hearing before Administrative Law Judge Shaw was completed.

identification of the parties and the nature of the claim and relief sought to enable the foreign court to understand the issues involved; the type of case; the nature of the assistance required; name, address and other identifiers, such as corporate title, of the person overseas to be served or from whom evidence is to be compelled, documents to be served; a list of questions to be asked, where applicable, generally in the form of written interrogatories; a list of documents or other evidence to be produced; a statement from the requesting court expressing a willingness to provide similar assistance to judicial authorities of the receiving state; a statement that the requesting party is willing to reimburse the judicial authorities of the receiving state for costs incurred in executing the requesting court's letter rogatory. *See* U.S. Department of State, Preparation of Letters Rogatory, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html;

- The Letter Rogatory has been translated into Japanese; and

- Transmit the Letter Rogatory and accompanying documents to the Judicial Assistance Officer at the State Department for transmittal to the Appropriate Judicial Authority of Japan and eventual enforcement in a Japanese court. *Id.* The Japanese court will serve the requests on Fuso.

## IV. Conclusion

For the reasons set forth above, DuPont respectfully requests the issuance of the attached Letter Rogatory to Fuso Chemical Co., Ltd.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

Dated:  June 1, 2022
10162982 / 00195.04092
PUBLIC VERSION
Dated:  June 8, 2022

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Carson R. Bartlett (#6750)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    cbartlett@potteranderson.com

*Attorneys for Defendants DuPont de Nemours,
Inc., Rohm and Haas Electronics Materials
CMP Inc., Rohm and Haas Electronic
Materials CMP Asia Inc. (d/b/a Rohm and
Haas Electronic Materials CMP Asia Inc.,
Taiwan Branch (U.S.A.)), Rohm and Haas
Electronic Materials Asia Pacific Co. Ltd.,
Rohm and Haas Electronic Materials K.K.,
and Rohm and Haas Electronic Materials LLC*

8

### 7.1.1. CERTIFICATION

After providing a draft of the Motion and Exhibits to Plaintiff on May 26, 2022, the parties, including local counsel, met and conferred orally on May 27, 2022.  As of the time filing, Plaintiff had not yet communicated its position on the Motion, except to note that Plaintiff is investigating whether references to "███████" in the Letter Rogatory (Exhibit 1 & Exhibit 2 (translation)) is confidential information, which Defendants dispute as noted in Footnote 2 of the Motion.

By:  */s/ David E. Moore*
    David E. Moore