

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

July 26, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: *CMC Materials, Inc. v. DuPont De Nemours, Inc.*, *et al.*, C.A. No. 20-738-MN

Dear Judge Noreika,

  In accordance with Your Honor's oral order (D.I. 33), enclosed please find the parties' competing scheduling order proposals.

  The parties' disputes relate to the following paragraphs of the proposed Order:

- Paragraphs 7(b)-(g) and 14: Dates for and issues relating to disclosures, core document productions, and contentions;

- Paragraphs 8(a), (b), (d)(i), (e)(i), (f): Dates for and limits relating to fact and expert discovery;

- Paragraphs 11-13: Dates for and issues relating to claim construction;

- Paragraph 15(a): Dates for case dispositive motions;

- Paragraph 18: Dates for a pretrial conference; and

- Paragraph 20: Dates for trial.

  ***Short Statement of Plaintiff's Position***: Plaintiff proposes trial in February 2024. Plaintiff respectfully submits that this schedule appropriately accounts for the extensive discovery and claim construction proceedings that have already occurred between the parties at the International Trade Commission (ITC) in Investigation No. 337-TA-1204 (the "1204 Investigation").

  Specifically, in the 1204 Investigation, Plaintiff asserted the same patent and same claims against the same Defendants and same accused products. The ITC also adjudicated many of the same defenses Defendants raise here, including rejected allegations of inequitable conduct and improper inventorship involving third-party Fuso Chemical, rejected allegations of anticipation and obviousness involving over 100 references, and numerous rejected Section 112 defenses relating to indefiniteness, written description, and enablement. Even Defendants' amended antitrust counterclaims, to which Plaintiff will respond in August, are based on the same underlying factual allegations, including agreements and communications with Fuso Chemical that were produced by CMC years ago.

S‍HAW K‍ELLER LLP
Page 2

The parties have already agreed to re-use the extensive ITC document productions covering all of these issues—including over 125,000 pages of documents produced by CMC in response to over 150 requests for production and over 100 interrogatories served by DuPont. The parties' cross-use also already covers CMC's production of over 20,000 emails and attachments from three email custodians agreed to by the parties, as well as over 5,000 documents referencing Fuso (*see also* D.I. 29), and CMC has further proposed that the parties agree to a more robust cross-use covering discovery responses and deposition testimony. Moreover, Plaintiff informed Defendants months ago that it intends to rely on the same infringement and testing evidence and the same claim constructions that were considered and adjudicated by the ITC.

Accordingly, given the extensive preexisting discovery covering the claims and defenses at issue, Plaintiff submits that the focus of discovery should be limited to damages (to the extent not already covered by domestic industry), significantly streamlining the proceedings in this matter.

***Short Statement of Defendants' Position***: This case is different from the ITC investigation, and DuPont's defenses and counterclaims will require additional discovery. It should not be subject to an unnecessarily accelerated schedule or inequitably limited in CMC's favor.

During the 1204 Investigation, DuPont was unable to obtain highly relevant discovery, including third-party discovery, from Japanese colloidal silica particle supplier Fuso Chemical Co., Ltd. Here, DuPont will seek discovery from third parties, including from Fuso (through Letters Rogatory) and entities located in the U.S. *See* D.I. 25, 28 & 31. Also, at the ITC, DuPont only received email discovery from three CMC custodians; by contrast, the District of Delaware Default Standard for Discovery for ESI disclosures from the 10 custodians most likely to have discoverable information. Other custodians at CMC will have information relevant to DuPont's patent misuse, unfair competition and antitrust counterclaims. Moreover, since DuPont's counterclaims are not all based on the same underlying factual allegations as the patent-related defenses presented to the ITC, they will require discovery beyond the patent case.

An accelerated schedule is also unnecessary. DuPont is now subject to an ITC exclusion order. And CMC is not seeking a TRO or other preliminary relief. Hence, CMC would face no prejudice under DuPont's proposed schedule. Conversely, CMC's highly compressed schedule would severely prejudice DuPont by limiting discovery in support of its claims and defenses. For example, CMC proposes completing fact discovery and requiring final supplementation of prior art references by February 10, 2023, even though DuPont's Letter Rogatory to Fuso may take longer than six and a half months to complete, in view of Covid restrictions in Japan and the current closure of the U.S. Embassy and Consulate deposition rooms.

CMC's one-sided proposals are further inequitable and prejudicial to DuPont. CMC asks this Court to arbitrarily restrict the number of prior art refences and prior art colloidal silica particles that DuPont can raise in its invalidity challenges. In contrast, CMC asserts 28 claims from its patent and refuses any limitation on the number it can assert. Unlike CMC, DuPont's proposal includes reasonable, progressive narrowing of both CMC's asserted claims and the number of prior art references.

SHAW KELLER LLP
Page 3

<center>*   *   *</center>

  The parties respectfully request a teleconference at the Court's convenience to address these disputes.

<div style="margin-left:50%">
Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)
</div>

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
  All counsel of record (via CM/ECF & E-mail)