## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CMC MATERIALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 20-738-GBW |
| v. | ) |
| | ) |
| DUPONT DE NEMOURS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS NOTICE OF AMENDED DEPOSITION SUBPOENA TO SUMITOMO CORPORATION OF AMERICAS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30 and 45, Defendants DuPont de Nemours, Inc., Rohm and Haas Electronics Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia Pacific Co. Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC (collectively "Defendants"), through their attorneys, will take the deposition upon oral examination of Sumitomo Corporation of Americas on the topics specified in the attached amended subpoena. The deposition will begin on December 7, 2022, at Veritext Legal Solutions, Veritext, 7 Times Square 16th Floor, New York NY 10036 at 9:00 a.m. ET, or at such other place or time, or by such other means, as the deponent and Defendants shall mutually agree. The deposition shall continue from day to day thereafter, Saturdays, Sundays and holidays excepted, until completed. The deposition will be taken before an officer duly authorized to administer oaths under the laws of the United States and/or the State of New York, and will be recorded by audio, audio-visual, and stenographic means.

NOTICE IS FURTHER GIVEN THAT Defendants reserve the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the State of New York. Defendants further reserve the right to record the deposition utilizing audio or video technology and the right to utilize Exhibit Share (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually.

Should the deposition be recorded in either video format, Defendants reserve the right to utilize any portion of the audio or video recording of the proceeding in Court. In the event the Defendants utilizes the stenographic reporting method, they reserve the right to utilize instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| William S. Farmer | Bindu A. Palapura (#5370) |
| David C. Brownstein | Hercules Plaza, 6th Floor |
| David M. Goldstein | 1313 N. Market Street |
| FARMER BROWNSTEIN JAEGER GOLDSTEIN | Wilmington, DE 19801 |
|   KLEIN & SIEGEL LLP | Tel: (302) 984-6000 |
| 235 Montgomery St., Suite 835 | dmoore@potteranderson.com |
| San Francisco, CA 94104 | bpalapura@potteranderson.com |
| Tel: (415) 795-2050 |  |
|  | *Attorneys for Defendants DuPont de Nemours, Inc., Rohm and Haas Electronics Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia Pacific Co. Ltd.,* |
| Dated: October 25, 2022 | *Rohm and Haas Electronic Materials K.K.,* |
| 10393139 / 00195.04092 | *and Rohm and Haas Electronic Materials LLC* |

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| CMC MATERIALS, INC., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 20-738-GBW |
| DUPONT DE NEMOURS, INC. et al., *Defendant* | ) ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sumitomo Corporation of Americas
300 Madison Avenue
New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachments

| Place: Veritext<br>7 Times Square, 16th Floor<br>New York, NY 10036 | Date and Time:<br>12/7/2022 9:00 a.m. |
|---|---|

The deposition will be recorded by this method: stenographic and videographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/25/2022

| *CLERK OF COURT* | OR | /s/ David E. Moore |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DuPont de Nemours, Inc., et al. , who issues or requests this subpoena, are:

David E. Moore, Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 20-738-GBW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **ATTACHMENT**

## INSTRUCTIONS

1.       You shall make sure your designees are prepared to testify full on the following topics, after conducting a diligent and thorough investigation into all information within your possession, custody, and control, including by educating the designees with such information.

2.       Your designees shall bring to this deposition all documents reviewed, relied upon, or consulted in preparation for this deposition.

## DEFINITIONS

The following definitions apply to these deposition topics:

1.       "Sumitomo," "You," and "Your" means, collectively, Sumitomo Corporation of Americas, any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of Sumitomo Corporation of Americas, its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by Sumitomo Corporation of Americas either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

2.       "Fuso" means, collectively, Fuso Chemical Co., Ltd., any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of Fuso Chemical Co., Ltd., its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by Fuso Chemical Co., Ltd. either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

3.       The term "person" means any natural person or entity, including corporations, proprietorships, partnerships, associations, joint ventures, businesses, trusts, organizations,

governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities.

4.      "BS", "HL", and "PL" each refer to Fuso silica particles series designations, including all specific grades therein. Other specific grades therein include silica particles identify by Fuso with a suffix, including but not limited to "C", "D", "H," and "L".  As used herein, "BS" encompasses non-limiting specific grades such as BS-xx (e.g., BS-3), BS-xx-H (e.g., BS-2H and BS-2-H). As used herein, "HL" encompasses non-limiting specific grades such as HL-xx (e.g., HL-2 and HL-3).  As used herein, "PL" encompasses non-limiting specific grades such as PL-xx (e.g., PL-3 and PL-7), PL-xxC (e.g., PL-3C and PL-3-C) , PL-xxD (e.g., PL-3D and PD-3-D), and PL-xxL (e.g., PL-3L and PL-3-L). Exemplary silica particles are the silica particles referred to in the import records attached hereto as Exhibit A.

5.      "CMP" means chemical mechanical planarization.

6.      "CMP Slurry" means, solely for the purposes of these Topics, a composition comprising a water-based liquid carrier with silica particles dispersed in it, the composition being used during the production of semiconductors in a CMP step.

7.      "Zeta Potential" means, solely for the purposes of these Topics, the electrical potential difference between the electrical charge of the ions surrounding the silica particle and the electrical charge of the bulk solution containing the silica particle.

8.      The term "document" has the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, but not limited to, electronically stored information and all tangible embodiments, manifestations, or evidence of a communication, as defined in below.

9. The term "thing(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

10. The terms "each," "any," and "all" mean both any and all, and both each and every.

11. The terms "and" and "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a document request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, to make the request most inclusive.

12. When a document or thing "concerning" any matter is requested, the request encompasses, in whole or in part, any document or thing, as the case may be, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, evidencing, discussing, referring to, relating to, dealing with, prepared in connection with, or in any way pertaining to the requested matter.

13. The term "thing" means any physical or tangible item other than a document.

14. The term "identify" in the case of documents or things means to provide a specific identification of each document or thing in the possession, custody or control of CMC, irrespective of whether it is claimed to be privileged or otherwise immune from discovery, including a brief description of such document or thing sufficient to support a request for production under Rule 34 of the Federal Rules of Civil Procedure and consisting of at least a description of:

    a. the type of document or thing;

    b. its date;

    c. its general subject matter;

      d. the author, designated addressees, designated recipients, and all persons who received or saw copies of the document or thing;

      e. the custodian of the document or thing identified by name, job title, employee, and address; and

      f. the place where the document or thing may be inspected.

15. The term "identify" in the case of a product shall mean to state, to the extent known, the (1) product's name, (2) all trade names, (3) all internal names, including but not limited to names used during development, (4) all product numbers, part numbers, and SKU numbers, (5) all trademarks, and (6) all documents sufficient for interpreting such names, numbers, and marks.

16. The term "date" means the exact day, month, and year, if ascertainable, or if not, Your best approximation thereof.

## TOPICS FOR TESTIMONY

1. Authentication of documents produced in response to the concurrent subpoena seeking the production of documents.

2. Identification and description of each type of Fuso BS, PL, or HL series of silica particle, including but not limited to those with products designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3, purchased, acquired, imported, sampled, received, or contracted for by You from Fuso prior to June 25, 2015.

3. Identification and description of each type of Fuso BS, PL, or HL series of silica particle, including but not limited to those with products designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3, disclosed, offered to sell, offered to sample, or offered to provide to You by Fuso prior to June 25, 2015.

4. Your knowledge of the catalysts used by Fuso in the process for manufacturing Fuso BS, PL, or HL series of silica particles, including but not limited to those with products designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3, and any evaluation, estimation, measurement, or testing conducted by Fuso, You or on behalf of You to determine the amount of any residual catalyst or any nitrogen-containing compound in the silica particles.

5. Any correspondence, discussions, or agreements with Fuso prior to June 25, 2015, concerning Fuso BS, PL, or HL series of silica particles, including but not limited to those with the product designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3.

6. Identification and description of materials received from Fuso prior to June 25, 2015, concerning Fuso BS, PL, or HL series of silica particles, including but not limited to those with the product designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3, including

but not limited to, presentations, marketing documents, product specifications, and technical data sheets.

7. Identification and description of Your CMP Slurries containing Fuso BS, PL, or HL series of silica particles, including but not limited to those with the product designations HL-2, HL-3, PL-2L, PL-xxC, BS-1H, BS-2H, or BS-3, including descriptions of each Slurry's properties such as planarization performance, pH, and zeta potential.

8. Identification and description of Your CMP Slurries that compete or had completed in the marketplace with CMC Materials, Inc.'s CMP Slurry with the product designation D922x (e.g., D9228), including descriptions of each Slurry's properties, such as planarization performance, pH, and zeta potential.

9. Whether Fuso refused to sell and/or discontinued selling to You silica particles, including the product designations of the silica particles that Fuso refused to sell and/or discontinued selling to You and the dates when Fuso refused to sell and/or discontinued selling silica particles to You.

# EXHIBIT A

☒ See Panjiva Enhanced Record    🔗 Open in new tab    🖨 Print

## Shipment Details

| | |
|---|---|
| Bill of Lading Number | STSWJA20040034 |
| Bill of Lading Type | House |
| Master Bill of Lading Number | EGLV020000163346 |
| Arrival Date | 2020-05-21 |
| Shipment Origin | Japan |
| Shipment Destination | The Port of Los Angeles, Los Angeles, California |
| Port of Unlading | The Port of Los Angeles, Los Angeles, California |
| Port of Lading | Kobe, Japan |
| Place of Receipt | KOBE CY |
| Transport Method | Maritime |
| Vessel | NYK ORPHEUS |
| Is Containerized | Upgrade your plan to view this field |
| Volume (TEU) | Upgrade your plan to view this field |
| Quantity | 121 |
| Measurement | |
| Weight (kg) | 93279 |
| Weight (t) | 93.279 |
| Weight (Original Format) | 93279 KG |
| FROB | false |
| Manifest Number | 000001 |
| Inbond Code | |
| Number of Containers | 6 |
| Has LCL | false |

## Company Details

| | |
|---|---|
| Consignee | Sumitomo Corp. Of America |
| Consignee (Original Format) | SUMITOMO CORPORATION OF AMERICA SUMITOMO CORPORATION OF AMERICAS EL, ECTRONIC MATERIAL AND EQUIPMENT 610, 0 CENTER DRIVE, SUITE 1000 LOS ANGE |
| Consignee Global HQ | |
| Consignee Domestic HQ | |
| Consignee Ultimate Parent | Sumitomo Corporation |
| Shipper | Fuso Chemical Co., Ltd. |
| Shipper (Original Format) | FUSO CHEMICAL CO., LTD. FUSO CHEMICAL CO., LTD. 6-6, NIHONB, ASHI-KOBUNACHO, CHUO-KU, TOKYO 103, -0024 JAPAN TEL 81-3-3639-6314 FA |
| Shipper Global HQ | |
| Shipper Domestic HQ | |
| Shipper Ultimate Parent | Fuso Chemical Co.,Ltd. |
| Carrier | STSW |
| Notify Party | SUMISHO GLOBAL LOGISTICS(USA)CORP. SUMISHO GLOBAL LOGISTICS (USA) CORP, ORATION 1979 MARCUS AVENUE, SUITE 2, 20 LAKE SUCCESS, NY 11042 U.S.A |
| Notify Party SCAC | Upgrade your plan to view this field |

## 6 Containers

### Container 1

| | |
|---|---|
| Container Numbers | EGHU5001677 |

| | |
|---|---|
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |
| Dangerous Goods | Upgrade your plan to view this field |

## Container 2

| | |
|---|---|
| Container Numbers | EMCU5299458 |
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |
| Dangerous Goods | Upgrade your plan to view this field |

## Container 3

| | |
|---|---|
| Container Numbers | EMCU5355269 |
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |

| Dangerous Goods | Upgrade your plan to view this field |
|---|---|

## Container 4

| Container Numbers | TCLU1225740 |
|---|---|
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |
| Dangerous Goods | Upgrade your plan to view this field |

## Container 5

| Container Numbers | EMCU5355715 |
|---|---|
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |
| Dangerous Goods | Upgrade your plan to view this field |

## Container 6

| Container Numbers | EMCU5413426 |
|---|---|
| Goods Shipped | COLLOIDAL SILICA |
| Volume (Container TEU) | Upgrade your plan to view this field |

| | |
|---|---|
| Container Marks | AS PER ATTACHED SHEET |
| Divided/LCL | Upgrade your plan to view this field |
| Container Type of Service | Upgrade your plan to view this field |
| Container Types | Upgrade your plan to view this field |
| Dangerous Goods | Upgrade your plan to view this field |