**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-738-GBW |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| DUPONT DE NEMOURS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' NOTICE OF SUBPOENAS FOR DOW INC.**

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Matthew J. Hlinka
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

Dated:  December 13, 2022
Public Version Dates:  December 20, 2022
10502677 / 00195.04092

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants DuPont de Nemours,
Inc., Rohm and Haas Electronics Materials
CMP, LLC, Rohm and Haas Electronic
Materials CMP Asia Inc. (d/b/a Rohm and
Haas Electronic Materials CMP Asia Inc.,
Taiwan Branch (U.S.A.)), Rohm and Haas
Electronic Materials Asia Pacific Co. Ltd.,
Rohm and Haas Electronic Materials K.K.,
and Rohm and Haas Electronic Materials LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-738-GBW |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| DUPONT DE NEMOURS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF SUBPOENAS FOR DOW INC.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants DuPont de Nemours, Inc., Rohm and Haas Electronic Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia-Pacific Co., Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC (collectively, "DuPont") will serve the attached subpoenas (Exhibits 1-2) in the above referenced action.

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Matthew J. Hlinka
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

Dated:  December 13, 2022
Public Version Dates:  December 20, 2022
10502677 / 00195.04092

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Defendants DuPont de Nemours,*
*Inc., Rohm and Haas Electronics Materials*
*CMP, LLC, Rohm and Haas Electronic*
*Materials CMP Asia Inc. (d/b/a Rohm and*
*Haas Electronic Materials CMP Asia Inc.,*
*Taiwan Branch (U.S.A.)), Rohm and Haas*
*Electronic Materials Asia Pacific Co. Ltd.,*
*Rohm and Haas Electronic Materials K.K.,*
*and Rohm and Haas Electronic Materials LLC*

3

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

District of Delaware

| | |
|---|---|
| CMC MATERIALS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   20-738-GBW |
| DUPONT DE NEMOURS, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Dow Inc.
2211 H.H. Dow Way Midland, MI 48674

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachments A and B

| Place: Regus Offices c/o Huseby Global Litigation 120 N. Washington Square, Suite 300 Lansing, MI, 48933 | Date and Time: 01/23/2023 1:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Anthony A. Hartmann |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   DuPont de Nemours, Inc., et al. _____ , who issues or requests this subpoena, are:

Anthony Hartmann, Finnegan LLP, 901 New York Ave., NW, Washington, DC 20001, hartmana@finnegan.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-738-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INSTRUCTIONS

The following instructions apply to these document requests:

1.      For each request for production, produce any and all documents within the scope of the request that are in Your possession, custody, or control.

2.      All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

3.      Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.      If Your response to a particular request for production is a statement that You lack the ability to comply with that request, specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no loner, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

5.      In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) the author(s), addressee(s) and any indicated blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the document's subject matter; (iv) the date of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the documents presently exist and, if so, the name of each custodian or each copy.

6.      If no documents exist that are responsive to a particular request, that fact should be stated in each of Your responses to such requests.

7.      Mark each page which You consider to contain confidential business information with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," pursuant to the Protective Order in this matter (Attachment C). If a page is not marked with such designation, it is assumed that it does not contain confidential business information.

## DEFINITIONS

The following definitions apply to these document requests:

1.      The terms "DOW," "You," and "Yours" means Dow Inc., any employee, member, agent, representative, consultant, accountant, attorney, or any other person that was at any time under the control of Dow Inc., its predecessors-in-interest (including DowDuPont), parent corporations, divisions, subsidiaries (including The Dow Chemical Company), affiliates, joint ventures or any other legal entities that was at any time wholly or partially owned or controlled by Dow Inc., either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

2.      The terms "CMC" and "Plaintiff" means CMC Materials, Inc., any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of CMC Materials, Inc., its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by CMC Materials, Inc., either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

3.     The terms "DuPont" and "Defendants" mean DuPont de Nemours, Inc., Rohm and Haas Electronic Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia-Pacific Co., Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC.

4.     The term "Fuso" means Fuso Chemical Co., Ltd., any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of Fuso Chemical Co. Ltd., its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by Fuso Chemical Co., Ltd., either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

5.     The terms "BS", "HL", "PL", and "SH" each refer to Fuso silica particles series designations, including all specific grades therein. Specific grades therein include silica particles identified by Fuso with a suffix, including but not limited to "C", "D", "H," and "L". As used herein, "BS" encompasses non-limiting specific grades such as BS-xx (e.g., BS-3), BS-xx-H (e.g., BS-2H and BS-2-H). As used herein, "HL" encompasses non-limiting specific grades such as HL-xx (e.g., HL-2 and HL-3). As used herein, "PL" encompasses non-limiting specific grades such as PL-xx (e.g., PL-3 and PL-7), PL-xxC (e.g., PL-3C and PL-3-C) , PL-xxD (e.g., PL-3D and PD-3-D), PL-xxH (e.g., PL-3H and PL-3-H), PL-xxD (e.g., PL-3D and PD-3-D), and PL-xxL (e.g., PL-3L and PL-3-L). As used herein, "SH" encompasses non-limiting specific grades such as SH-xx (e.g., SH-3).

6.     "CMP" means chemical mechanical planarization.

7.      "CMP Slurry" means, solely for the purposes of these Requests, a composition comprising a water-based liquid carrier with silica particles dispersed in it, the composition being used during the production of semiconductors in a CMP step.

8.      "Zeta Potential" means, solely for the purposes of these Requests, the electrical potential difference between the electrical charge of the ions surrounding the silica particle and the electrical charge of the bulk solution containing the silica particle.

9.      The term "person" means any natural person or entity, including corporations, proprietorships, partnerships, associations, joint ventures, businesses, trusts, organizations, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities.

10.     The term "document(s)" has the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including all non-identical copies of a document, all drafts of final documents, all printed, recorded, or graphically portrayed matter in any form or embodiment, whether stored electronically or optically, or reproduced by any process, or written or produced by hand, or recorded in any other way, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive custody or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Federal Rule of Evidence 1001. For avoidance of doubt, the term "document(s)" includes any communications, whether written or electronic, other inquiries, correspondence, consultations, negotiations, agreements, understandings, letters, notes, telegrams, advertisements, computer mail, email, and all other documents evidencing any verbal or nonverbal interaction between persons and entities. Any document bearing marks,

4

including initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

11.     The term "thing(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

12.     The terms "each," "any," and "all" mean both any and all, and both each and every.

13.     The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a document request.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.  All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, to make the request most inclusive.

14.     When a document or thing "concerning" any matter is requested, the request encompasses, in whole or in part, any document or thing, as the case may be, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, evidencing, discussing, referring to, relating to, dealing with, prepared in connection with, or in any way pertaining to the requested matter.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents and things in Your possession, custody, or control concerning any silica particles disclosed, offered for sale, sold, or manufactured by Fuso at any time from June 25, 2005, to June 25, 2015, including but not limited to the research, design, development, and conception of any such particle and the properties of any such particle.

### REQUEST FOR PRODUCTION NO. 2

All document and things in Your possession, custody, or control concerning the purchase, importation into the United States, or otherwise receipt of Fuso silica particles at any time from June 25, 2005, to June 25, 2015, including but not limited to Fuso silica particles with the tradenames BS-2H, BS-3, HL-2, HL-3, PL-1, PL-2, PL-2L, PL-3, PL-3C, PL-3L, PL-5, PL-7, and SH-3.

### REQUEST FOR PRODUCTION NO. 3

All document and things in Your possession, custody, or control concerning the purchase, importation into the United States, or otherwise receipt of Fuso silica particles at any time from June 25, 2005, to June 25, 2015, including but not limited to Fuso silica particles with the tradenames ███████████████████████████████, identified in Attachment B.

### REQUEST FOR PRODUCTION NO. 4

All email correspondence and other communications, dated at any time from June 25, 2005, prior to June 25, 2015, in Your possession, custody, or control with Fuso, including but not limited

to Yumi Akao, Yasuhito Amanai, Yumiko Kimura, Akihiro Maeda, Yoshiki Michiwaki, Aya Nishi, Yoshinori Nakae, Motoki Sugimoto, Yumi Takahashi, Hiroyuki Tanaka, Jumpei Tomita, Yasuhiro Yamakawa, and Takuto Yamawaki, concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames BS-2H, BS-3, HL-2, HL-3, PL-1, PL-2, PL-2L, PL-3, PL-3C, PL-3L, PL-5, PL-7, and SH-3, including without limitation such email correspondence and other communications also with or concerning DOW, Jia-Ni Chu, Yi Guo, Kevin Jacobs, Mai Shiratori, Naresh Penta, and Robert Umberger.

**REQUEST FOR PRODUCTION NO. 5**

All email correspondence and other communications, dated at any time from June 25, 2005, prior to June 25, 2015, in Your possession, custody, or control with Fuso, including but not limited to Yumi Akao, Yasuhito Amanai, Yumiko Kimura, Akihiro Maeda, Yoshiki Michiwaki, Aya Nishi, Yoshinori Nakae, Motoki Sugimoto, Yumi Takahashi, Hiroyuki Tanaka, Jumpei Tomita, Yasuhiro Yamakawa, and Takuto Yamawaki, concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames ██████████████████████████ ████████████████, identified in Attachment B, including without limitation such email correspondence and other communicationsalso with or concerning DOW, Jia-Ni Chu, Yi Guo, Kevin Jacobs, Mai Shiratori, Naresh Penta, and Robert Umberger.

**REQUEST FOR PRODUCTION NO. 6**

All presentations, product offerings, invoices, debit notes, safety data sheets, and test results from Fuso, dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames BS-2H, BS-3, HL-2, HL-3, PL-1, PL-2, PL-2L, PL-3, PL-3C, PL-3L, PL-5, PL-7, and SH-3.

**REQUEST FOR PRODUCTION NO. 7**

All presentations, product offerings, invoices, debit notes, safety data sheets, and test results from Fuso, dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames ███████████████████████████████████ ███, identified in Attachment B.

**REQUEST FOR PRODUCTION NO. 8**

All purchase orders and requests dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames BS-2H, BS-3, HL-2, HL-3, PL-1, PL-2, PL-2L, PL-3, PL-3C, PL-3L, PL-5, PL-7, and SH-3.

**REQUEST FOR PRODUCTION NO. 9**

All purchase orders and requests dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles, including but not limited to Fuso silica particles with the tradenames ██████████████████████████████ ██████████████, identified in Attachment B.

**REQUEST FOR PRODUCTION NO. 10**

All documents and things associated with ███████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████, identified in Attachment B.

**REQUEST FOR PRODUCTION NO. 11**

Summary documents, including but not limited to printouts of SAP records, in Your possession, custody, or control concerning the purchase, importation into the United States, or otherwise receipt of Fuso silica particles at any time from June 25, 2005, to June 25, 2015, including but not limited to Fuso silica particles with the tradenames BS-2H, BS-3, HL-2, HL-3, PL-1, PL-2, PL-2L, PL-3, PL-3C, PL-3L, PL-5, PL-7, and SH-3.

**REQUEST FOR PRODUCTION NO. 12**

Summary documents, including but not limited to printouts of SAP records, in Your possession, custody, or control concerning the purchase, importation into the United States, or otherwise receipt of Fuso silica particles at any time from June 25, 2005, to June 25, 2015, including but not limited to Fuso silica particles with the tradenames ██████████████ ██████████████████████████, identified in Attachment B.

**REQUEST FOR PRODUCTION NO. 13**

All documents and things in Your possession, custody, or control concerning any Fuso silica particle or any CMP slurry with a Fuso silica particle from June 25, 2005, to June 25, 2015, including but not limited to the research, design, development, and conception of any such particle or slurry, and the properties of any such particle or slurry, including but not limited to planarization performance, pH, and zeta potential.

**REQUEST FOR PRODUCTION NO. 14**

All documents and things in Your possession, custody, or control concerning instruments employed to measure the properties of any Fuso silica particle or any CMP slurry with a Fuso silica particle from June 25, 2005, to June 25, 2015, including settings and modes of those instruments, including but not limited to planarization performance, pH, and zeta potential.

**REQUEST FOR PRODUCTION NO. 15**

All documents and things in Your possession, custody, or control concerning instruments sold or marketed by Dispersion Technologies Inc. at any time from June 25, 2005, to June 25, 2015, including but not limited to Model DT-1202 Acoustic and Electro-acoustic spectrometer.

# **ATTACHMENT B**

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

DUPONT1204_00061147

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

## **ATTACHMENT C**

PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-738-GBW |
| | ) | |
| DUPONT DE NEMOURS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information;

WHEREAS, the parties recognize that confidential information is being produced only for use in this civil action;

IT IS HEREBY ORDERED THAT the following provisions of this Order shall govern the confidential information produced by a party to any other party or by a third party to any party in the course of this civil action:

## I.     DEFINITIONS

1. Confidential information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership,

corporation, or other organization from which the information was obtained ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown, or is exposed to Discovery Material.

3. As used herein, CONFIDENTIAL Discovery Material refers to business or commercial information defined in paragraph 1 that the Producing Party believes in good faith is (i) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (ii) not generally known to others in the context or form as known by the Producing party; (iii) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence; and (iv) information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

4. As used herein, HIGHLY CONFIDENTIAL Discovery Material refers to business or commercial information defined in paragraph 1 that a Producing Party claims to be extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. This HIGHLY CONFIDENTIAL information also includes, but is not limited to, (i) highly sensitive technical information, such as product formulations of the Producing Party's products; (ii) highly sensitive information pertaining to research and development of the Producing Party's products; (iii) financial or business reports and forecasts including plans, strategies, market analyses, costs, customer accounts, and pricing information; and (iv) pending or abandoned patent, trademark, and copyright applications, foreign or domestic,

2

unless published or otherwise publicly available.

**Limited Exceptions for Designated In-House Counsel**

(a) CMC agrees that certain HIGHLY CONFIDENTIAL information disclosed to and/or from third party Fuso Chemical, Co. ("Fuso") can be disclosed to DuPont in-house attorney Sarah Diluzio if that information is dated before June 1, 2020 and is cited in DuPont's Amended Counterclaim, contentions, briefing, or expert reports, and/or is used at depositions or hearings in this matter. This agreement is contingent on Ms. Diluzio complying with all other terms in this Protective Order related to the disclosure of HIGHLY CONFIDENTIAL information, including the Prosecution Bar of paragraph 14.

(b) Before reviewing the information in identified in subparagraphs 4(a), Ms. Diluzio must provide a prior written representation and agreement that she:

(i) does not render advice or participate in business or strategic decisions or have any other involvement regarding pricing, sales, marketing, financial, product development/design, marketing strategy, forecasts, suppliers, procurement, or other related business activities related to the subject matter of this action, including related to chemical mechanical polishing products, and will not be involved in such activities for a period of three years after final disposition of this matter; and

(ii) does not negotiate, draft, review, or oversee in any way proposed contracts or agreements with third parties relating to the subject matter of this action, including relating to chemical mechanical polishing products, and will not be involved in such activities for a period of three years after final disposition of this matter.

## II.      DESIGNATION OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL INFORMATION"

### A.      Procedure for Designating Discovery Material

5.  (a) Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided that it meets the requirements for such designation as provided for herein. Any Producing Party may designate Discovery Material as CONFIDENTIAL in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 3. Any Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains HIGHLY CONFIDENTIAL information as defined in Paragraph 4. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

(b) Information to be treated under this Protective Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include but not be limited to:

i) Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents and things produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents and things are marked by the Producing Party with the following legends or their substantial equivalents: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Documents, things and/or information may be made available for inspection without designation and designated subsequently at the time of production.

4

ii) Information revealed by inspection of documents, things and premises under Fed. R. Civ. P. 34, provided that, prior to or at any time up to fifteen (15) calendar days after the inspection, the party permitting inspection specifically identifies in writing the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that will be or that was disclosed by the inspection. To ensure that the Producing Party has the full fifteen (15) calendar days to make appropriate designations, all information gleaned from inspection of documents, things and premises will be automatically treated as HIGHLY CONFIDENTIAL Discovery Material for fifteen (15) calendar days after the day of inspection. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any party shall be conducted by persons eligible under Paragraph 6 below.

iii) Information revealed during a deposition under oral or written examination under Fed. R. Civ. P. 30 and 31, provided that, prior to or at any time up to ten (10) calendar days following receipt of the final transcript by counsel for a Party, counsel for a Party notifies counsel for the other Party in writing that CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, or during the deposition, counsel for a Party or counsel for a third party designates the transcript or portions thereof to be CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material. To ensure that the Producing Party has the full ten (10) calendar days to make appropriate designations, all Information revealed during a deposition under oral or written examination under Fed. R.

Civ. P. 30 and 31 will be automatically treated as HIGHLY CONFIDENTIAL Discovery Material for ten (10) calendar days after the day of inspection. The legends described in Paragraph 3(d)(i) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

**B.     Disclosure of HIGHLY CONFIDENTIAL Discovery Material**

6.  In the absence of written permission from the Producing Party or an order by the Court, any HIGHLY CONFIDENTIAL information designated in accordance with the provisions of paragraph 4 above shall not be disclosed to any person other than: (i) outside counsel of record for parties to this litigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain chemical mechanical planarization slurries and components thereof, which are the subject of this litigation), subject to paragraph 8 below; (iv) the Court and its staff.  HIGHLY CONFIDENTIAL Discovery Material shall not be made available to any person designated in this paragraph unless he or she shall have first read this order and shall have agreed in writing in the form of agreement included as Attachment A hereto: (i) to be bound by the terms thereof; (ii) not to reveal such confidential information to anyone other than another person designated in this paragraph; and (iii) to utilize such confidential information solely for purposes of this Action.

### C. <u>Disclosure of CONFIDENTIAL Discovery Material</u>

7.  In the absence of written permission from the Producing Party or an order by the Court, any CONFIDENTIAL information designated in accordance with the provisions of paragraph 3 above shall not be disclosed to any person other than: (i) persons entitled to receive HIGHLY CONFIDENTIAL information as defined in paragraph 6 above; (ii) one (1) identified in-house counsel who, because of their work managing, supervising, defending, or evaluating this action, require access to discovery material designated as "CONFIDENTIAL" ("Designated In-House Counsel"), subject to paragraph 9 below. No current or former officer of any party may be the "Designated In-House Counsel." CONFIDENTIAL Discovery Material shall not be made available to any person designated in this paragraph unless he or she shall have first read this order and shall have agreed in writing in the form of agreement included as Attachment A hereto: (i) to be bound by the terms thereof; (ii) not to reveal such confidential information to anyone other than another person designated in this paragraph; and (iii) to utilize such confidential information solely for purposes of this Action.

### D. <u>Procedure for Designating Persons for Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material</u>

#### 1. <u>Experts</u>

8.  CONFIDENTIAL or HIGHLY CONFIDENTIAL information designated in accordance with the provisions of paragraph 3 or 4 above shall not be made available to persons designated in paragraph 6(iii) unless he or she has read this order, agreed in writing in the form of agreement included as Attachment A hereto, and has been disclosed with no remaining objections in accordance with the following procedure:

(a) No less than 10 days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any CONFIDENTIAL or HIGHLY CONFIDENTIAL

information designated in accordance with paragraph 3 or 4, the party proposing to disclose information to such expert shall submit in writing the name of such proposed expert , their current curriculum vitae, including a list of case testimony, consulting activities, and employment for the past 4 years, educational and employment history, and a disclosure of any current or prior relationships with the receiving party.

(b) If the Producing Party objects to the disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL information to such proposed expert, as inconsistent with the language or intent of this order or on other grounds, it shall notify the Receiving Party in writing of its objection within ten (10) days of receiving notice of the proposed expert and the grounds therefor prior to the initial disclosure.

(c) If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the Producing Party shall bring a dispute under the Court's protective order dispute procedures. The submission of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to such proposed expert shall be withheld pending the ruling of the Court.

## 2.   **Designated In-House Counsel**

9. CONFIDENTIAL information designated in accordance with the provisions of paragraph 3 above shall not be made available to persons designated in paragraph 7(ii) unless he or she has read this order, agreed in writing in the form of agreement included as Attachment A hereto, and has been disclosed with no remaining objections in accordance with the following procedure:

(a) No less than 10 days (or any other period of time designated by the Court) prior to the initial disclosure to a designated in-house counsel of any CONFIDENTIAL information designated in accordance with paragraph 3, the party proposing to disclose information to such

designated in-house counsel shall submit in writing the name of such designated in-house counsel, and their current and former positions and/or titles at the Receiving Party, to the Producing Party.

(b) If the Producing Party objects to the disclosure of such CONFIDENTIAL information to such designated in-house counsel, as inconsistent with the language or intent of this order or on other grounds, it shall notify the Receiving Party in writing of its objection within ten (10) days of receiving notice of the proposed designated in-house counsel and the grounds therefor prior to the initial disclosure.

(c) If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the Producing Party shall bring a dispute under the Court's protective order dispute procedures. The submission of CONFIDENTIAL information to such designated in-house counsel shall be withheld pending the ruling of the Court.

E. **Disclosure of HIGHLY CONFIDENTIAL or CONFIDENTIAL Discovery Materials to Other Persons**

10. If the Court orders, or if the Producing Party and all parties to the litigation agree, that access to, or dissemination of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be made to persons not included in paragraphs 6 or 7 above, such information shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL information as defined in paragraphs 1, 3, or 4 hereof.

11. If any CONFIDENTIAL or HIGHLY CONFIDENTIAL information which is supplied in accordance with paragraph 5 above is supplied by a nonparty to this litigation, such a nonparty shall be considered a "Producing Party" as that term is used in the context of this order.

12. Each nonparty Producing Party shall be provided a copy of this order by the party

seeking information from said Producing Party.

        **F.**      **Confidentiality Designations for ITC Material**

13. The parties may agree on mechanisms for using Discovery Material from the related ITC action in this action ("ITC Material") through a separate agreement. All ITC Materials designated as containing CONFIDENTIAL BUSINESS INFORMATION shall be treated as containing HIGHLY CONFIDENTIAL Discovery Material in accordance with paragraph 4 above and may be disclosed to persons designated in paragraph 6 above.

## III.    PROSECUTION BAR

14.    Absent written consent from the Producing Party, any individual who accesses Discovery Material designated as HIGHLY CONFIDENTIAL shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action ("Prosecution Bar"). For purposes of this paragraph, "prosecution" includes drafting or amending patent claims. The foregoing restrictions of this paragraph shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to HIGHLY CONFIDENTIAL information solely in their capacity as clerical staff. Nothing in this section shall prevent any person from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the USPTO (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations. This Prosecution Bar shall begin when access to Discovery Material designated as HIGHLY

CONFIDENTIAL is first received by the individual and shall end one (1) year after final termination of this action.

## IV.   COMPETITIVE DECISION-MAKER BAR

15.   Absent written consent from the Producing Party, any Designated In-House Counsel who accesses Discovery Material designated as CONFIDENTIAL shall not be involved in competitive decision making relating to the subject matter of this action ("Competitive Decision-Maker Bar"). Competitive decision making refers to, for example, business or strategic decisions, including marketing, financial, product development/design, procurement, and pricing decisions, on issues affecting competition.  For the avoidance of doubt, no former or current officer of any party may be the "Designated In-House Counsel" with access to Discovery Material designated as CONFIDENTIAL. The foregoing restrictions of this paragraph shall apply only to individuals, and not to the organizations by which they are employed. Nothing in these provisions is intended to preclude Designated In-House Counsel from participating in activities directly for the purpose of settling litigations. This Competitive Decision-Maker Bar shall begin when access to Discovery Material designated as CONFIDENTIAL is first received by the Designated In-House Counsel and shall end one (1) year after final termination of this action.

## V.   ADDITIONAL PROCEDURES REGARDING DISCOVERY MATERIAL

### A.   Discovery Material Submitted to the Court or Used in Depositions

16.   Any HIGHLY CONFIDENTIAL or CONFIDENTIAL information submitted to the Court in connection with a motion or other proceeding within the scope of this litigation shall be submitted under seal pursuant to the procedures of the United States District Court for the District of Delaware. When any confidential information designated in accordance with paragraph

3 or 4 above is included in an authorized transcript of a deposition or exhibits thereto, the transcript will be designated HIGHLY CONFIDENTIAL, unless the parties agree otherwise.

###### B.     Discovery Material Was Publicly Known

17.  The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information designated in accordance with paragraphs 3 or 4 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after an opportunity for hearing, was publicly known at the time it was supplied to the Receiving Party or has since become publicly known through no fault of the Receiving Party.

###### C.     Process for Objecting to Confidentiality Designations

18.  If while this litigation is pending, a party to this order who is to be a recipient of any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and designated in accordance with paragraph 3 or 4, disagrees with respect to such a designation, in full or in part, it shall notify the Producing Party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the Producing Party withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the litigation, such Producing Party shall express the withdrawal, in writing, and serve such withdrawal upon all parties. If the Receiving Party and Producing Party are unable to concur upon the status of the subject information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status through the Court's protective order dispute procedures. The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

### D.     Improper Disclosure of Designated Discovery Material

19. If CONFIDENTIAL or HIGHLY CONFIDENTIAL information designated in accordance with paragraph 3 or 4 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by it or by the person who was the Receiving Party of such information.

### E.     Inadvertent Failure to Designate Discovery Material

20. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such a designation informs the Receiving Party that such Discovery Material is confidential promptly but not more than five (5) days from when the failure to designate became known to the Producing Party. The inadvertent failure by any party to designate discovery material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the proprietary thereof. The party receiving the Discovery Material that the Producing Party failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall not be in breach of this Order for any use made of such discovery material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such discovery material are returned promptly to the Producing Party or ensure that all copies of any such discovery material are marked with the proper designation and distributed only as permitted

under this Protective Order.

**F.**     **Right to Seek Judicial Review**

21. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

**G.**     **Handling of Discovery Material Upon Termination of Litigation**

22. Upon final termination of this litigation, each party that is subject to this order shall assemble and return to the Producing Party all items containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information designated in accordance with paragraphs 3 or 4 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the Producing Party, destroy all items containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information and certify to the Producing Party (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Court or its staff.

## VI.     OTHER PROCEEDINGS

23. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated in accordance with paragraph 3 or 4 of this order, including information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this order, shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Robert C. Scheinfeld
Robert L. Maier
Frank Zhu
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408 2500

Lisa M. Kattan
Katharine M. Burke
Thomas C. Martin
Samuel L. Kassa
Joseph Ostoyich
Danielle Morello
William Lavery
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700

Dated: October 12, 2022

/s/ Carson R. Bartlett
David E. Moore (No. 3983)
Bindu A. Palapura (No. 5370)
Carson R. Bartlett (No. 6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-600
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com
*Attorneys for Defendants*

OF COUNSEL:
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel: (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (571) 203-2777


SO ORDERED this ____ day of _____, 2022.


_____
United States Judge

**ATTACHMENT A**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the litigation or hearing in *CMC Materials, Inc. v. Dupont De Nemours, Inc.*, C.A. No. 20-738-MN (D. Del.), except as permitted in the protective order issued in this case. I will not directly or indirectly use or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the litigation or hearing in this case.

Signed_____

Dated  _____

Affiliation         _____

# EXHIBIT 2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| CMC MATERIALS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   20-738-GBW |
| DUPONT DE NEMOURS, INC.,et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Dow Inc.
                         2211 H.H. Dow Way Midland, MI 48674

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See attachments A, B, and C

| Place: Regus Offices c/o Huseby Global Litigation | Date and Time: |
|---|---|
| 120 N. Washington Square, Suite 300 Lansing, MI, 48933 | 02/14/2023 9:00 am |

The deposition will be recorded by this method:  _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Anthony A. Hartmann |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   DuPont
de Nemours, Inc., et al. _____, who issues or requests this subpoena, are:

Anthony A. Hartmann, Finnegan, Henderson, Farabow, Garrett & Dunner LLP, 901 New York Ave., NW, Washington, DC 20001, (202) 408-4275, hartmana@finnegan.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   20-738-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INSTRUCTIONS

The following instructions apply to these deposition topics:

1.      You shall make sure Your designee(s) are prepared to testify full on the following topics, after conducting a diligent and thorough investigation into all information within Your possession, custody, and control, including by educating the designees with such information.

2.      Your designee(s) shall bring to this deposition all documents reviewed, relied upon, or consulted in preparation for this deposition.

## DEFINITIONS

The following definitions apply to these deposition topics:

1.      The terms "DOW," "You," and "Yours" means Dow Inc., any employee, member, agent, representative, consultant, accountant, attorney, or any other person that was at any time under the control of Dow Inc., its predecessors-in-interest (including DowDuPont), parent corporations, divisions, subsidiaries (including The Dow Chemical Company), affiliates, joint ventures or any other legal entities that was at any time wholly or partially owned or controlled by Dow Inc., either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

2.      The terms "CMC" and "Plaintiff" means CMC Materials, Inc., any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of CMC Materials, Inc., its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by CMC Materials, Inc., either directly or indirectly, as well as the principals,

directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

3.      The terms "DuPont" and "Defendants" mean DuPont de Nemours, Inc., Rohm and Haas Electronic Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia-Pacific Co., Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC.

4.      The term "Fuso" means Fuso Chemical Co., Ltd., any employee, member, agent, representative, consultant, accountant, attorney, or any other person under the control of Fuso Chemical Co. Ltd., its predecessors-in-interest, parent corporations, divisions, subsidiaries, affiliates, joint ventures or any other legal entities that are wholly or partially owned or controlled by Fuso Chemical Co., Ltd., either directly or indirectly, as well as the principals, directors, officers, owners, employees, members, agents, representatives, consultants, accountants, and attorneys of these entities.

5.      The terms "BS", "HL", "PL", and "SH" each refer to Fuso silica particles series designations, including all specific grades therein. Specific grades therein include silica particles identified by Fuso with a suffix, including but not limited to "C", "D", "H," and "L". As used herein, "BS" encompasses non-limiting specific grades such as BS-xx (e.g., BS-3), BS-xx-H (e.g., BS-2H and BS-2-H). As used herein, "HL" encompasses non-limiting specific grades such as HL-xx (e.g., HL-2 and HL-3). As used herein, "PL" encompasses non-limiting specific grades such as PL-xx (e.g., PL-3 and PL-7), PL-xxC (e.g., PL-3C and PL-3-C) , PL-xxD (e.g., PL-3D and PD-3-D), PL-xxH (e.g., PL-3H and PL-3-H), PL-xxD (e.g., PL-3D and PD-3-D), and PL-

xxL (e.g., PL-3L and PL-3-L). As used herein, "SH" encompasses non-limiting specific grades such as SH-xx (e.g., SH-3).

6. "CMP" means chemical mechanical planarization.

7. "CMP Slurry" means, solely for the purposes of these Requests, a composition comprising a water-based liquid carrier with silica particles dispersed in it, the composition being used during the production of semiconductors in a CMP step.

8. "Zeta Potential" means, solely for the purposes of these Requests, the electrical potential difference between the electrical charge of the ions surrounding the silica particle and the electrical charge of the bulk solution containing the silica particle.

9. The term "person" means any natural person or entity, including corporations, proprietorships, partnerships, associations, joint ventures, businesses, trusts, organizations, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities.

10. The term "document(s)" has the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including all non-identical copies of a document, all drafts of final documents, all printed, recorded, or graphically portrayed matter in any form or embodiment, whether stored electronically or optically, or reproduced by any process, or written or produced by hand, or recorded in any other way, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive custody or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Federal Rule of Evidence 1001. For avoidance of doubt, the term "document(s)" includes any communications, whether written or electronic,

other inquiries, correspondence, consultations, negotiations, agreements, understandings, letters, notes, telegrams, advertisements, computer mail, email, and all other documents evidencing any verbal or nonverbal interaction between persons and entities. Any document bearing marks, including initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

11.     The term "thing(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

12.     The terms "each," "any," and "all" mean both any and all, and both each and every.

13.     The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a document request.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.  All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, to make the request most inclusive.

14.     The term "identify" in the case of persons, entities, or organizations, shall mean to state the full names and present or last-known address and phone numbers, and when referring to a natural person, additionally, the occupation or business in which the person is engaged, and the person's present or last-known employer and title or position.

## TOPICS FOR TESTIMONY

1.      The transfer, destruction, or otherwise disposal of any of the documents requested by the concurrent subpoena seeking the production of documents and things.

2.      The documents and things produced by You or on Your behalf in response to the concurrent subpoena seeking the production of documents and things.

3.      Attachment B and the documents referenced therein.

4.      Authentication and maintenance of the documents and things produced by You or on Your behalf in response to the concurrent subpoena seeking the production of documents.

5.      Authentication and maintenance of Attachment B.

6.      Authentication and maintenance of the documents referenced in Attachment B.

7.      DOW's knowledge and documentation of any silica particles disclosed, offered for sale, sold, or manufactured by Fuso at any time from June 25, 2005, to June 25, 2015, including but not limited to the research, design, development, and conception of any such particle and the properties of any such particle.

8.      DOW's knowledge and documentation of the purchase, importation into the United States, or otherwise receipt of Fuso silica particles at any time from June 25, 2005, to June 25, 2015.

9.      DOW's knowledge and documentation of the email correspondence and other communications, dated at any time from June 25, 2005, prior to June 25, 2015, with Fuso, including but not limited to Yumi Akao, Yasuhito Amanai, Yumiko Kimura, Akihiro Maeda, Yoshiki Michiwaki, Aya Nishi, Yoshinori Nakae, Motoki Sugimoto, Yumi Takahashi, Hiroyuki Tanaka, Jumpei Tomita, Yasuhiro Yamakawa, and Takuto Yamawaki, concerning Fuso silica particles, including without limitation such email correspondence and other communications also

5

with or concerning DOW, Jia-Ni Chu, Yi Guo, Kevin Jacobs, Mai Shiratori, Naresh Penta, and Robert Umberger.

10.     DOW's knowledge and documentation of presentations, product offerings, invoices, debit notes, safety data sheets, and test results from Fuso, dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles.

11.     DOW's knowledge and documentation of purchase orders and requests dated at any time from June 25, 2005, to June 25, 2015, in Your possession, custody, or control concerning Fuso silica particles.

12.     DOW's knowledge and documentation of any Fuso silica particle or any CMP slurry with a Fuso silica particle from June 25, 2005, to June 25, 2015, including but not limited to the research, design, development, and conception of any such particle or slurry, and the properties of any such slurry, including but not limited to planarization performance, pH, and zeta potential.

13.     DOW's knowledge and documentation of any instruments employed to measure the properties of any Fuso silica particle or any CMP slurry with a Fuso silica particle from June 25, 2005, to June 25, 2015, including settings and modes of those instruments, including but not limited to planarization performance, pH, and zeta potential.

14.     DOW's knowledge and documentation of any instruments sold or marketed by Dispersion Technologies Inc. at any time from June 25, 2005, to June 25, 2015, including but not limited to Model DT-1202 Acoustic and Electro-acoustic spectrometer.

# **ATTACHMENT B**

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

DUPONT1204_00061147

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY