IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-738-GBW |
| | ) | **Redacted -** |
| DUPONT DE NEMOURS, INC., et al., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE GEORGE B. WILLIAMS**
**FROM JOHN W. SHAW**

OF COUNSEL:
Robert C. Scheinfeld
Robert L. Maier
Margaret M. Welsh
Frank Zhu
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408 2500

Lisa M. Kattan
Katharine M. Burke
Thomas C. Martin
Samuel L. Kassa
Joseph Ostoyich
Danielle Morello
William Lavery
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700

Dated: March 24, 2023

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Plaintiff*

### I. DuPont's Request Regarding Interrogatory No. 13

DuPont's request relating to Interrogatory No. 13 fails to provide to the Court the entirety of CMC's response to Rog 13. The parts that DuPont omitted specifically provide the discovery DuPont seeks to compel. DuPont's request should be denied.

***First***, CMC well over two years ago, in the parties' prior ITC litigation, produced more than a dozen agreements, including *all* of the █████████ that CMC could locate █████████. These agreements have also been produced in this case. See D.I. 102 ¶ 6. CMC identified █████████████████████████ in CMC's first response to DuPont's Interrogatory Nos. 7 and 8. See Ex. O (CMC's Response to Interrogatory Nos. 7 and 8) at 18, 21. Because Interrogatory No. 13 is duplicative of Interrogatory Nos. 7 and 8, CMC expressly incorporated its responses to those interrogatories into its first response to Interrogatory No. 13. See D.I. 124-1, Ex. A at 3 ("CMC objects to this Interrogatory as duplicative of Interrogatory Nos. 7 and 8….CMC incorporates by reference its response to Defendants' Interrogatory Nos. 7 and 8.").

CMC's response to Interrogatory No. 13 therefore identifies all █████ ████ identified by CMC, including █████████████████ that DuPont identifies in its counterclaims and letter. See, e.g., Ex. O at 18 █████████



As CMC's *whole* response to Interrogatory No. 13 demonstrates, CMC has appropriately responded to part (a) of this interrogatory, and DuPont's allegation that CMC has "hidden away" responsive █████ █████ is unfounded.

CMC also properly objected to scope of DuPont's Interrogatory No. 13 to the extent it extends to █████████████████████, beyond the specific particles that DuPont has made the subject of its antitrust allegations.¹ DuPont's letter confirms that DuPont indeed contends that CMC must also identify "█████████████████████████████, concerning "*any*" component" whatsoever that is █████████████████████████████. D.I. 124 at 1. Such a request is far broader than DuPont's counterclaims, even assuming they survive CMC's pending motion to dismiss. DuPont's counterclaims do not address every component, but only █████████████████ █████. See D.I. 49 (CC) ¶¶ 144-235; D.I. 124 at 1 (citing same). To the extent DuPont points to unsupported and conclusory allegations in its counterclaims to attempt to justify this discovery, the Federal Rules of Civil Procedure do "not unlock the doors of discovery for a [counterclaim] plaintiff armed with nothing more than conclusions" because "mere conclusory statements…do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). That is, DuPont cannot go on a discovery "fishing expedition of marginal relevance when weighed against the significant burden on [CMC] in producing those documents." *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del. 1993); *see also McLaughlin v. Copeland*, 455 F. Supp. 749, 753 (D. Del. 1978),

---

¹ Although CMC's motion to dismiss these counterclaims (D.I. 61-62) is pending, CMC has engaged in discovery and complied with its obligations during the motion's pendency.

aff'd, 595 F.2d 1213 (3d Cir. 1979) (holding that a party "is not entitled to discovery for the purpose of determining whether or not there may be a factual basis for a claim he has not made").

As CMC has repeatedly told DuPont, if DuPont believes that a specific subset of additional ▓▓▓▓▓▓▓▓▓▓ is relevant to its counterclaims, CMC would be willing to investigate those agreements. But, as it stands now, DuPont unproportionally demands that CMC identify, describe, and produce all of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ — whether experimental or commercial—that may be considered high performance and may be used to polish "silicon oxygen containing materials" (materials that are ubiquitous in semiconductor device manufacturing) without identifying any reasonable relationship to either Interrogatory No. 13 or DuPont's counterclaims. Further, DuPont has never defined or explained what constitutes a "high performance" slurry in Interrogatory No. 13, and neither DuPont's counterclaim nor its interrogatory identifies any supplier, component, or product other than those for which CMC has already provided extensive discovery. Ex. A at 2-3 (objecting to the "high performance" phrase as vague and ambiguous).

The cases DuPont cites do not justify such a burden on CMC. *Gerling* addressed whether a U.S. entity had requisite control of information in the possession of a related foreign entity. *Gerling Intern. Ins. Co. v. C.I.R.*, 839 F.2d 131, 141 (3rd Cir. 1988). And the cited portion of *Opengate* involved whether a corporate designee was adequately prepared for a Rule 30(b)(6) deposition. *Opengate Capital Group LLC v. Thermo Fisher Scientific Inc.*, 2015 WL 5222544, at *2 (D. Del. Sept. 8, 2015). More pertinent here is the *Opengate* court's denial of the plaintiffs' motion to compel further discovery, finding the defendants had complied with their discovery obligations despite plaintiffs' allegations that "something is amiss" and that "defendants are responsible for a deliberate obfuscation." *Id.*

***Second***, regarding DuPont's request for CMC to identify pro-competitive benefits of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in part (b) of Rog 13, CMC has reasonably investigated this request, and provided a response based on the information identified to date. D.I. 124-1, Ex. A at 4. CMC's response explains that CMC' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ resulted in great benefits to consumers, and promoted technological advancement and competition in the relevant industry. *See* Ex. A at 3-4. CMC has no further factual information to provide at this time. There are over six months left in discovery and not a single deposition has been taken. CMC will supplement this response with any additional facts it identifies as discovery proceeds.

## II.     DuPont's Request Regarding Custodians

DuPont's request regarding CMC's custodians should be denied. As CMC's disclosures show, CMC has, after extensive investigation, identified ten suitable custodians. CMC is currently reviewing tens of thousands of ESI materials for those custodians. DuPont's letter does not explain why the three of these 10 custodians who Dupont rejects—Dr. Ernest Shen, Mr. Adam Weisman, and Leydig, Voit & Mayer ("LVM")—are not "bona fide top 10 record custodian[s]" compared to other "equally relevant custodian[s]." D.I. 124 at 3.

For example, DuPont complains that Mr. Weisman and Dr. Shen are not proper custodians simply because they no longer work at CMC. But nothing in the Court's Default Standard for

Discovery, Including Electronically Stored Information bars identification of custodial documents from former employees. Both of them are uniquely relevant to the issues in DuPont's counterclaims. The events at issue occurred more than 10 years ago—when both Dr. Shen and Mr. Weisman worked at CMC. See D.I. 49 (CC) ¶¶ 15, 52, 53, 62, 64 (identifying alleged communications between CMC and Fuso in 2012–2013). In particular, Mr. Weisman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See, e.g., CMC00025361, CMC00025639; CMC00039392; CMC00039467; CMC00039812; CMC00040248; CMC00053188; CMC00053655; CMC00024089. CMC has identified ▮▮▮ emails from Mr. Weisman from this time period, which CMC is now reviewing. Similarly, Dr. Shen is an inventor on the only asserted patent in this case and has been repeatedly identified by DuPont as having relevant information relating to DuPont's counterclaims. See D.I. 49 (CC) ¶¶ 20, 41, 53, 63, 65, 70, 72, 145. CMC has produced ▮▮▮▮▮▮▮ emails for Dr. Shen, and ▮▮▮▮▮▮ documents on which Dr. Shen is an author—even more than CMC has produced for another inventor (Dr. Dysard) to which DuPont does not object.[2]

These documents are not "non-custodial," as DuPont argues. They are emails specific to individuals who had relevant roles at CMC during the time period relevant to DuPont's allegations. DuPont's suggestion that CMC should produce all custodial documents from former employees *on top of* custodial documents from *ten additional* current employees evades the clear limits on discovery in Paragraph 3a of the Court's Default Standard for Discovery, Including Electronically Stored Information and the parties' Stipulation on Discovery. See D.I. 102 ¶ 22.

Finally, regarding LVM, there can be no doubt that CMC's prosecution counsel at LVM is a relevant custodian relating to DuPont's counterclaims, which relate directly to alleged conduct that occurred during prosecution. See, e.g., D.I. 49 ¶¶ 41-44, 46-48, 50, 51, 54-62, 68, 71-77, 80-83, 85, 145-160, 181, 203, 216, 230, 232. Unsurprisingly, DuPont does not argue that LVM lacks relevant information. Rather, DuPont contends that LVM cannot be a relevant custodian because DuPont chose to serve a subpoena on LVM directly. D.I. 124 at 3. But DuPont cites no legal authority for its position. That DuPont subpoenaed LVM demonstrates that it is a likely source of discoverable information. Again, DuPont should not be permitted to change CMC's good faith identification of custodians to increase the burden on CMC.

CMC is already undertaking the burden of reviewing tens of thousands of documents in this matter, covering all of DuPont's defenses and counterclaims—even those already rejected by the ITC and for which CMC has a pending motion to dismiss before this Court. DuPont provides no basis for needlessly expanding CMC's discovery burden in this matter.

Respectfully submitted,

/s/ *John W. Shaw*

John W. Shaw (No. 3362)

---

[2] DuPont alleges that Dr. Shen is not a relevant custodian because he had no documents to produce in response to a personal subpoena served at his home. Dr. Shen was already a former employee at this time, and he had left his custodial documents owned by CMC at CMC.

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
     All counsel of record (via CM/ECF & E-mail)

# Exhibit O

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**