# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CMC MATERIALS, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | )  C.A. No. 20-738-GBW |
| v. | ) |
|  | )  **PUBLIC VERSION** |
| DUPONT DE NEMOURS, INC., et al., | ) |
|  | ) |
| Defendants. | ) |

## LETTER TO THE HONORABLE GREGORY B. WILLIAMS
## FROM DAVID E. MOORE

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Matthew J. Hlinka
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

William S. Farmer
David C. Brownstein
David M. Goldstein
FARMER BROWNSTEIN JAEGER GOLDSTEIN
 KLEIN & SIEGEL LLP
235 Montgomery St., Suite 835
San Francisco, CA  94104
Tel: (415) 795-2050

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendants DuPont de Nemours, Inc., Rohm and Haas Electronics Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia Pacific Co. Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC*

Dated:  March 24, 2023   Public Version Dated:  March 31, 2023
10703050 / 00195.04092



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

March 24, 2023

**VIA ELECTRONIC FILING**

The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION
March 31, 2023**

Re:   *CMC Materials, Inc. v. DuPont de Nemours, Inc., et al.*, C.A. No. 20-738-GBW

Dear Judge Williams:

Defendants (collectively, "DuPont") respectfully submit this opposition to CMC's premature and one-sided attempt (*see* D.I. 122 ("CMC Letter")) to limit Dupont's obviousness contentions, contrary to the agreed Scheduling Order, as well as CMC's mischaracterizations of DuPont's initial invalidity contentions.

### I.   DuPont's Obviousness Contentions Comply with the Scheduling Order Negotiated by Both Parties and Entered by the Court

CMC criticizes the number of obviousness bases in DuPont's initial invalidity contentions but ignores that they are consistent with the parties' agreed Scheduling Order. Notably, CMC previously proposed, and then dropped in favor of an agreed schedule, limitations on the number of prior art invalidity theories. CMC now seeks to renege on this agreement.

As reflected in this Court's Scheduling Order, the parties agreed that DuPont would rely on no more than 20 prior art references, without any limitation on the number of reference combinations, prior art particles, or prior art uses. *See* D.I. 93, ¶ 3(d). CMC initially sought to limit the number of invalidity theories, prior art particles, and prior art uses. *See* D.I. 81, ¶ 3(d); D.I. 82, 6. DuPont did not accept these limitations. *Id*. After meeting and conferring before the Rule 16 Scheduling Conference, the parties compromised and submitted an agreed-upon, proposed Scheduling Order. *See* Exhibit 2, Chart; *see also* D.I. 85-1. As part of the parties' compromise, DuPont agreed to a 20-reference limitation in its initial contentions, and CMC agreed to forego its proposed limitations on invalidity theories, prior art particles, and prior art uses. DuPont's initial contentions comply with these limitations. *Compare* CMC Letter, Ex. D (ITC claim charts for 48 prior art references and 15 particles) *with* Ex. 1 (amended contentions charting 20 prior art references and 16 particles). CMC has no basis to criticize DuPont's initial contentions that meet exactly the agreed-upon criteria reflected in the Scheduling Order.

CMC's demand for narrowed contentions now is further inconsistent the Scheduling Order, which requires final contentions by October 13, 2023, when DuPont will select 10 printed prior art references from the current 20. D.I. 93, ¶ 3(f). Within two weeks of receiving DuPont's final

invalidity contentions, CMC must identify 10 asserted claims. This process will reduce the number of prior art combinations by decreasing the number of references and claims at issue, and this will be accomplished before the parties begin *Markman* briefing. D.I. 93, ¶ 9.

The case law cited by CMC also fails to justify the relief sought. For example, in *PureWick Corp. v. Sage Prods. LLC*, the parties never agreed to any limitation on asserted claims or prior art references in the initial scheduling order. C.A. No. 19-1508-MN, D.I. 24 at 3 (D. Del. Jan. 9, 2020). After receiving the defendant's initial invalidity contentions, PureWick for the first time requested a limit on the number of prior art references and invalidity arguments. *PureWick,* D.I. 82. The Court denied PureWick's request and ordered the parties to file an amended scheduling order limiting the number of asserted claims and prior art references, but not invalidity theories. *PureWick,* D.I. 84. In other words, the Court in *PureWick* ordered the parties to discuss limiting the issues in the case because, unlike here, the parties had not yet done so. *See PureWick,* D.I. 24. Moreover, while CMC repeatedly references the parties' prior—but non-binding—ITC action as the basis for its demands, none of its cited cases involve parties, like DuPont, seeking to obtain new evidence. *See Int'l Bus. Mach. Corp. v. Expedia, Inc*., C.A. No. 17-1875-LPS-CJB, D.I. 159 (D. Del. July 23, 2019) (parties' positions regarding original scheduling order with no discussion of new evidence); *Confluent Surgical, Inc. et al v. HyperBranch Med. Tech., Inc.*, C.A. No. 17-688-LPS-CJB, D.I. 28 (D. Del. Oct. 25, 2017) (same). Furthermore, the *First Quality Tissue, LLC v. Irving Consumer Prods. Ltd*. decision cuts against CMC's position. There, the Court allowed multiple supplemental invalidity contentions after the close of fact discovery, due to new third-party evidence made newly available. 2020 WL 6286862, at *3 (D. Del. Oct. 27, 2020).

In addition, in both *MQ Gaming* and *Int'l Bus. Mach.*, the court **ordered** the parties to meet and confer about the narrowing process. *MQ Gaming, LLC v. Lego Sys., Inc*., C.A. No. 19-905-MN, D.I. 59 at 1 (D. Del. June 9, 2020); *Int'l Bus. Mach.*, D.I. 153 (oral order). And in *MQ Gaming,* the additional case narrowing—including the limitations of the sort requested by CMC—was slated to occur **after final contentions**, *i.e.* in addition to what was already required in the scheduling order. *Compare MQ Gaming,* D.I. 59 *with* D.I. 33. In *Greatbatch,* the case narrowing was done **after expert discovery** and in preparation for summary judgment and trial. *Greatbatch Ltd. v. AVX Corp*., C.A. No. 13-723-LPS, D.I. 360 at 1-3 (D. Del. July 22, 2015).

Here, CMC seeks to accelerate the narrowing process far beyond what this Court has previously ordered. CMC's one-sided proposals that DuPont provide six obviousness contentions by mid-April, followed by three with its final contentions (*see* CMC Letter at 1), is contrary to this process and would severely prejudice DuPont's defenses in this litigation.

II.   **DuPont's Initial Invalidity Contentions Are More Than Sufficiently Specific**

CMC also mischaracterizes DuPont's operative initial invalidity contentions. Despite appending 1125 pages of exhibits to its letter brief (*see* D.I. 122, Exs. A-E), CMC did not include DuPont's Amended Initial Invalidity Contentions (Ex. 1, served February 3, 2023) with its letter.[1] Those amended contentions, resulting from the meet and confer process, provide additional

---

[1] Nor did CMC include with its Exhibit A any of the 36 claim charts that DuPont served on CMC on November 17, 2022, as part of DuPont's initial invalidity contentions.

The Honorable Gregory B. Williams
March 24, 2023  Public Version March 31, 2023
Page 3

detailed information, including in connection with Fuso prior art particles meeting numerous limitations of CMC's asserted patent claims. *See* Ex. 1, Appendices 21-36.

CMC's assertion that "Defendants' contentions do not identify any portion of any reference that they contend would have been obvious to combine with any other portion of any other reference" (CMC Letter at 2) is incorrect. This information is readily found in the 36 Appendices, comprising 129 pages of detailed claim charts (*see* Ex. 1), that CMC failed to provide to the Court with its Exhibit A.[2] DuPont's initial invalidity contentions also provide great specificity. They discuss each of the primary references in depth, explain multiple reasons why a skilled artisan would have been motivated to combine the prior art, and include detailed claim charts that identify specific paragraphs or pages from the primary references, mapped against each of the asserted claim limitations.[3] *See* Ex. 1, 17-102, Appendices 1-36.

DuPont complied with the agreed Scheduling Order and provided exhaustive detail about its invalidity theories: the relevant teachings of the prior art, *id.* at 17-31, 46-65; the evidentiary basis for Fuso particles constituting prior art, *id.* at 31-45; the multiple motivations for combining the prior art, *id.* at 72-78; and the proposed prior art combinations, *id.* at 79-102, Appendices 1-36. This is more than sufficient for initial invalidity contentions. While CMC may have tactical reasons for wanting to jettison the Scheduling Order and constrain DuPont's invalidity proofs, that would be neither necessary nor justified.[4]

DuPont respectfully requests that the Court deny CMC's request to modify the Scheduling Order and limit DuPont's initial and final invalidity contentions.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10703050/00195.04092

---

[2] CMC also alleges that DuPont's initial invalidity contentions "assert the *exact* same prior art references" as in the ITC action. CMC Letter at 1 (emphasis in original). Also incorrect. DuPont amended its ITC invalidity contentions to add over 130 additional pages of analysis while addressing 27 fewer references. *Compare* CMC Letter, Ex. D *with* Ex. 1.

[3] In contrast to the 248 pages of text and 36 claim charts of DuPont's amended initial invalidity contentions, CMC's "initial infringement contentions" constituted a single sentence in the Scheduling Order that vaguely incorporated the ITC's Initial Determination. *See* D.I. 93, ¶ 3(c) (beginning "For the avoidance of doubt, . . ."). On March 15, 2023, without contacting DuPont beforehand, CMC "re-served" its infringement contentions to include a textual explanation and claim charts.

[4] Despite the addition of new issues in this litigation not before the ITC—such as potential damages and DuPont's antitrust and unfair competition counterclaims—CMC has yet to produce a single discovery document beyond its production in the ITC case.

The Honorable Gregory B. Williams
March 24, 2023   Public Version March 31, 2023
Page 4

Enclosures
cc:	Clerk of Court (via hand delivery)
	Counsel of Record (via electronic mail)