## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-738-JLH |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| DUPONT DE NEMOURS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DUPONT'S MOTION FOR THE ISSUANCE OF
## A REVISED LETTER ROGATORY FOR INTERNATIONAL
## JUDICIAL ASSISTANCE REGARDING FUSO CHEMICAL CO., LTD.

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Matthew J. Hlinka
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

William S. Farmer
David C. Brownstein
David M. Goldstein
FARMER BROWNSTEIN JAEGER GOLDSTEIN
  KLEIN & SIEGEL LLP
235 Montgomery St., Suite 835
San Francisco, CA  94104
Tel: (415) 795-2050

Dated:  January 18, 2024
PUBLIC VERSION
Dated:  January 25, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendants DuPont de Nemours, Inc., Rohm and Haas Electronics Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia Pacific Co. Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CMC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-738-JLH |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| DUPONT DE NEMOURS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DUPONT'S MOTION FOR THE ISSUANCE OF**
**A REVISED LETTER ROGATORY FOR INTERNATIONAL**
**JUDICIAL ASSISTANCE REGARDING FUSO CHEMICAL CO., LTD.**

Pursuant to Federal Rule of Civil Procedure 28(b) and Local Rule 7.1.2, Defendants DuPont de Nemours, Inc., Rohm and Haas Electronic Materials CMP, LLC, Rohm and Haas Electronic Materials CMP Asia Inc. (d/b/a Rohm and Haas Electronic Materials CMP Asia Inc., Taiwan Branch (U.S.A.)), Rohm and Haas Electronic Materials Asia-Pacific Co., Ltd., Rohm and Haas Electronic Materials K.K., and Rohm and Haas Electronic Materials LLC (collectively, "DuPont") respectfully move for the Court to issue, under its seal and signature, the attached revised Letter Rogatory on behalf of DuPont to obtain documents from the following foreign third party:[1]

Fuso Chemical Co., Ltd.
Nissei Fushimi-machi Bldg.
Shinkan, 3-10, Koraibashi 4-chome,
Chuo-ku, Osaka 541-0043
+81-6-6203-4771

The Letter Rogatory to Fuso Chemical Co., Ltd. ("Fuso") (attached as Exhibit 1) solicits the assistance of the Appropriate Judicial Authority of Japan to obtain certain documents that are

---

[1] Subsequent to providing Plaintiff with a copy of DuPont's motion on January 5, 2024, the parties met and conferred. However, Plaintiff did not report that it would oppose the motion until January 17, 2024. Plaintiff also opposed DuPont's previous motion (D.I. 29) and later withdrew that opposition (D.I. 89).

relevant to the present civil action.  Consistent with the advice from the Ministry of Foreign Affairs for Japan and Japanese counsel, this Letter Rogatory is revised and narrowed relative to the October 28, 2022, Letter Rogatory previously issued by this Court (D.I. 91).

For the reasons stated below, this request for international judicial assistance is in the interests of justice. This information cannot be obtained through other means. DuPont respectfully requests that the Court issue the attached Letter Rogatory.

The requested Letter Rogatory complies with the guidelines set forth by the U.S. Department of State and Ministry of Foreign Affairs for Japan relevant to Letters Rogatory standards, including certified translations. *See* U.S. Department of State Preparation of Letters Rogatory, (https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html); Ministry of Foreign Affairs' Methods for a Court of a Foreign State to Request Japan to Serve Judicial or Extrajudicial Documents and Take Evidence (https://www.mofa.go.jp/files/000409875.pdf).

The Letter Rogatory includes Attachments A, B, and C. Attachment A describes the "Documents and Things to be Produced by Fuso Chemical Co., Ltd." Attachment B contains the Complaint in the above-captioned case. Attachment C contains the Protective Order in the above-captioned case.

The following additional documents are attached to this Memorandum:

Exhibit 2:  Non-party PMP Fermentation Products, Inc.'s Responses and Objections to Subpoena *Duce Tecum* and *Ad Testificandum* from Investigation No. 337-TA-1204, dated September 18, 2020 (copy of Exhibit 2 to D.I. 1 from Case No. 20-MC-92-KBJ in the U.S. District Court for the District of Columbia).

Exhibit 3:  Declaration of James H. Zinkhon, Jr. from Investigation No. 337-TA-1204, dated September 15, 2020 (copy of Exhibit 3 to D.I. 1 from Case No. 20-MC-92-KBJ in the U.S. District Court for the District of Columbia).

Exhibit 4: Decision of Ministry of Foreign Affairs with respect to the October 27, 2022 Letter Rogatory (D.I. 91).

Exhibit 5: Declaration of Taketo Nasu.

In support of this Motion, DuPont respectfully states as follows:

## I.   The United States District Court for the District of Delaware has the Authority to Issue the Letter Rogatory

DuPont's request for use of a Letter Rogatory is an appropriate method of obtaining discovery from Fuso because Japan is not a signatory to the Hague Evidence Convention.  *See* U.S. Department of State, Judicial Assistance Country Information for Japan, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html.  As the State Department explains, "[r]equests to obtain evidence in Japan in civil and commercial matters are governed by the U.S. – Japan bilateral Consular Convention of 1963, customary international law and the practice of nations, applicable U.S. and local Japanese law and regulations, and the Vienna Convention on Consular Relations (regarding transmittal of letters rogatory.)"  *See id.* Under Article 5(j) of the Vienna Convention on Consular Relations, the use of a Letter Rogatory is an appropriate method of requesting evidence located in a foreign state. *See* Vienna Convention on Consular Relations Art. 5(j), Apr. 24, 1963, 596 U.N.T.S. 261, 268-69 (1967), *available at* https://treaties.un.org/doc/Publication/UNTS/Volume%20596/volume-596-I-8638-English.pdf.

It is well established that the federal district courts have authority to issue a Letter Rogatory, seeking assistance from a foreign state to obtain evidence in a U.S. proceeding. *See* 28

3

U.S.C. §§ 1651, 1781(b)(2) (allowing the state department "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Fed R. Civ. P. 28(b) (incorporating letters rogatory as a proper method for taking depositions abroad).

DuPont's request that the U.S. District Court for the District of Delaware issue the attached Letter Rogatory is, therefore, consistent with the applicable authority and precedent.

## II.    Fuso is in Possession of Relevant Documents and Information in Japan.

DuPont believes that Fuso is in possession of substantial information highly relevant to the claims and defenses at issue in the present litigation in the U.S. District Court for the District of Delaware. Fuso has documents in its possession, custody, and control concerning the subject matter of the present litigation, specifically, U.S. Patent No. 9,449,721 (the "Asserted Patent") (D.I. 1, at Exhibit A). Fuso's information concerns colloidal silica abrasive particles relating to, *inter alia*, the first sale or offer for sale, first public use, first disclosure, inventorship, relating to at least the validity of the Asserted Patent. DuPont also believes that Fuso is most knowledgeable about these same issues and thus can provide relevant documents.

Each of the asserted claims of the Asserted Patent recites chemical mechanical planarization slurries comprising colloidal silica abrasive particles and properties of these particles.  Some examples in the Asserted Patent are expressly based on Fuso colloidal silica particles. *See* D.I. 23, Exhibit A at Examples 13 and 14. As alleged by Plaintiff, Fuso manufactured colloidal silica abrasive particles used in some of the Accused Products. Plaintiff seeks an injunction barring the making, using, selling, and/or offering for sale within the United States and/or importing into the United States of Accused Products as well as monetary damages and any available equitable relief. D.I. 23 at ¶¶ 26-32 and "Prayer for Relief." The Accused Products are characterized generally as chemical mechanical planarization compositions formulated with

4

colloidal silica abrasive particles, such as Fuso's colloidal silica particles (*id*. at ¶¶ 36, 37, 40; D.I. 1 at ¶¶ 26-28), and infringement of at least claim 1 depends in-part on characteristics of the colloidal silica particles (D.I. 23 at ¶ 36). Plaintiff has a ████████████████████████ █████████████████████████████████████, concerning colloidal silica abrasive particles and Fuso's coordinated filing of its Japanese patent application, JP 2016-8157A, which was directed to a Method for Producing Colloidal Silica Containing Core-Shell Type Silica Particles. Yet, Plaintiff has represented that responsive information concerning Fuso's colloidal silica abrasive particles is not within its possession, custody, or control.

Based on Plaintiff's representations and the close relevance of Fuso's colloidal silica particles to the Asserted Patent's claims and Plaintiff's allegations of infringement, DuPont believes that obtaining documents and deposition testimony from Fuso is essential to DuPont's claims and defenses in this case. Moreover, Plaintiff will not be prejudiced by DuPont seeking such essential discovery, particularly as ITC's exclusion order in the 1204 Investigation already forced DuPont to discontinue manufacture of the Accused Product over two years ago. *See* D.I. 149.

## III.     Status of the October 28, 2022, Letter Rogatory

The U.S. Department of State notified Defendants that the Ministry of Foreign Affairs for Japan had returned the October 28, 2022, Letter Rogatory (D.I. 91). Exhibit 4.[2] DuPont understands that the Ministry of Foreign Affairs for Japan objected to the letter rogatory for requesting the Japanese authority to "compel" the production of documents and the examination

---

[2] While the letter from the U.S. embassy to the U.S. Department of State was dated October 27, 2023, the U.S. Department of State did not forward the letter to Defendants until three weeks later.

of a witness under oath. *Id*.; Exhibit 5 at ¶ 5. The Ministry of Foreign Affairs for Japan invited Defendants to "reconsider the request." Exhibit 4.

Defendants sought clarification of the objections and invitation. Because the Ministry of Foreign Affairs for Japan did not provide a name or other contact information, it took DuPont a month to identify and schedule a meeting with the administrator who had returned the Letter Rogatory. DuPont understands from the administrator that a new Letter Rogatory was required and that the form of the October 28, 2022, Letter Rogatory's request "to compel" the production of documents or testimony was improper under Japanese law. DuPont consulted with Japanese counsel, Mr. Taketo Nasu, to apply the comments from the administrator for the revised Letter Rogatory (Exhibit 1). DuPont provided Plaintiffs with a copy of the revised Letter Rogatory a week later.

**IV.    The Revised Letter Rogatory is Necessary to Obtain Relevant Documents and Information from Fuso that Are Unobtainable Without the Assistance of the Appropriate Judicial Authority of Japan, and Conform to the Required Procedural Safeguards**

The attached revised Letter Rogatory should issue for several reasons. First, the information sought in the attached document requests are highly relevant to at least DuPont's invalidity positions with respect to the Asserted Patent in the present litigation. As recently as November 12, 2023, CMC indicated that it ███████████████████████████████

███████████████████████████████ *See* D.I. 225. However, Fuso is in Japan and, thus, outside the Court's normal subpoena powers. Fuso notified DuPont's counsel that because Fuso is not a party of the U.S. litigation, it is not in a position to directly provide the requested documents and things to DuPont. Exhibit 5 at ¶ 4. However, DuPont understands that Fuso would follow any instructions from the Japanese court in response to a Letter Rogatory. *Id*.

6

Second, DuPont's Letter Rogatory is narrowly tailored to elicit technical information, which is only available from Fuso.

Third, DuPont has already exhausted all other means available to it to obtain the information sought by the revised Letter Rogatory. Because Plaintiff represented that information concerning the colloidal silica abrasive particles is not within its possession, custody, or control, DuPont first attempt was to subpoena the U.S. subsidiary of Fuso, PMP Fermentation Products, Inc. ("PMP") during the parallel investigation before the United States International Trade Commission ("ITC"). However, on September 18, 2020, counsel for PMP informed DuPont that it does not have this information. *See* Exhibit 2 (Response & Objections to Subpoena); *see also* Exhibit 3 (Declaration of PMP President, James H, Zinkhon). As such, the only remaining avenue to obtain the documents is through Fuso Chemical Co., Ltd. in Japan. This will be DuPont's fourth attempt to obtain discovery from Fuso. DuPont's second attempt was a Letter Rogatory that was not processed by U.S. Department of State and U.S. Embassy before the evidentiary hearing for the parallel ITC proceeding due to COVID. The third (D.I. 91) was returned October 28, 2022, for reconsideration. Exhibit 4.

Fourth, DuPont revised the current Letter Rogatory in view of the objections and comments from the Ministry of Foreign Affairs for Japan regarding the October 28, 2022 Letter Rogatory (D.I. 91). DuPont removed the request for a deposition. Further, the current Letter Rogatory asks the Appropriate Judicial Authority of Japan to request the production of documents from Fuso, consistent with procedures approved under the Japanese Code of Civil Procedure, including articles 186 (chosa shokutaku: a petition for a commission to conduct necessary examinations to produce information) and 226 (bunsho sofu shokutaku: a petition for a commission to deliver

documents). *See* https://perma.cc/A6TA-6WDU (providing English translation); *see also* Exhibit 5 at ¶ 6.

Fifth, DuPont will notify Fuso of the provisions of the Protective Order, ensuring that Fuso's interests are adequately protected.

DuPont is prepared to fully comply with the procedural requirements to obtain the requested documents and deposition testimony from Fuso, which include the following steps:

- Obtain a Letter Rogatory with the signature of a U.S. District Judge and the seal of the District Court;

- Include in the Letter Rogatory: a statement that a request for international judicial assistance is being made in the interests of justice; a brief synopsis of the case, including identification of the parties and the nature of the claim and relief sought to enable the foreign court to understand the issues involved; the type of case; the nature of the assistance required; name, address and other identifiers, such as corporate title, of the person overseas to be served or from whom evidence is to be compelled; a list of documents or other evidence to be produced; a statement from the requesting court expressing a willingness to provide similar assistance to judicial authorities of the receiving state; a statement that the requesting party is willing to reimburse the judicial authorities of the receiving state for costs incurred in executing the requesting court's letter rogatory. *See* U.S. Department of State, Preparation of Letters Rogatory, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html;

- Translate the Letter Rogatory into Japanese; and

- Transmit the Letter Rogatory and accompanying documents to the Judicial Assistance Officer at the State Department for transmittal to the Appropriate Judicial Authority of Japan and eventual enforcement in a Japanese court.  *Id.*  The Japanese court will serve the requests on Fuso.

## V.      Conclusion

For the reasons set forth above, DuPont respectfully requests the issuance of the attached revised Letter Rogatory to Fuso Chemical Co., Ltd.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mareesa A. Frederick
Mark Feldstein
Eric J. Fues
Anthony Hartmann
Matthew J. Hlinka
Paul Townsend
Kaitlyn Pehrson
FINNEGAN, HENDERSON, FARABOW, GARRETT
    & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel:  (202) 408-4000

Charles Lipsey
FINNEGAN, HENDERSON, FARABOW, GARRETT
    & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Tel: (571) 203-2700

William S. Farmer
David C. Brownstein
David M. Goldstein
FARMER BROWNSTEIN JAEGER GOLDSTEIN
    KLEIN & SIEGEL LLP
235 Montgomery St., Suite 835

By:  */s/ David E. Moore*                               
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Andrew L. Brown (#6766)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       dmoore@potteranderson.com
       bpalapura@potteranderson.com
       abrown@potteranderson.com

*Attorneys for Defendants DuPont de Nemours,*
*Inc., Rohm and Haas Electronics Materials*
*CMP, LLC, Rohm and Haas Electronic*
*Materials CMP Asia Inc. (d/b/a Rohm and*
*Haas Electronic Materials CMP Asia Inc.,*
*Taiwan Branch (U.S.A.)), Rohm and Haas*
*Electronic Materials Asia Pacific Co. Ltd.,*
*Rohm and Haas Electronic Materials K.K.,*
*and Rohm and Haas Electronic Materials LLC*

9

San Francisco, CA  94104
Tel: (415) 795-2050

Dated:  January 18, 2024
11277424 / 00195.04092

PUBLIC VERSION
Dated:  January 25, 2024

## **RULE 7.1.1 CERTIFICATE**

Counsel for Defendants certify that a reasonable effort has been made to reach agreement with counsel for Plaintiff on matters set forth in the foregoing motion. Counsel for Plaintiff has informed counsel for Defendants that it will oppose the motion.

_/s/ David E. Moore_
David E. Moore